Edson agt. Dillaye and others.

$31 00

---

## SUPREME COURT.

EDSON agt. DILLAYE AND OTHERS.

The complaint set out the note, and alleged that the plaintiff was the lawful holder and owner thereof, and that the defendants had not paid the same or any part thereof, but that they were justly indebted to the plaintiff therefor.

The answer admitted the making of the note, "but they deny the allegation of non-payment of the said note, as set forth in said complaint, also they deny that they are indebted to said plaintiff for said note or by reason of the making thereof, or that said note or any part thereof is justly due or owing by them the said defendants." *Held*, that all the allegations of the answer, after the admission of making the note, be stricken out as *frivolous*.

*Ontario Special Term, May,* 1853. The complaint is on a promissory note made by all the defendants to the plaintiff, or order, payable at the Rochester Bank. The complaint set out the note and alleged that the plaintiff was the lawful owner and holder thereof, and that the defendants had not paid the same or any part thereof, but that they were justly indebted to the plaintiff therefor. The defendants in their answer admit the making of the note, "but they deny the allegation of non payment of the said note as set forth in said complaint; also they deny that they are indebted to said plaintiff for said note, or by reason of the making thereof, or that said note or any part thereof is justly due or owing by them the said defendants."

The complaint and answer were both verified in the usual form. A motion is made on the part of the plaintiff for an

Edson agt. Dillaye and others.

order to strike out all of the defendants' answer, except that part which admits the execution of the note, as false and frivolous, or for such other order as to the court shall seem meet, with costs. The other facts are sufficiently noticed in the opinion of the court.

J. Dorr, *for Plaintiff*.

Geo. D. Cowles, *for Defendants*.

Welles, J.—I am satisfied that the answer in this case, excepting that part of it which admits the making of the note, is entirely frivolous. Section 152 of the Code provides that sham and irrelevant answers and defences may be stricken out on motion. By section 247, if a demurrer, answer or reply be frivolous, the party prejudiced thereby may apply to a judge of the court, either in or out of court, for judgment thereon, and judgment may be given accordingly. Section 149 declares that the answer of the defendant must contain, 1st. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief. 2d. A statement of any new matter constituting a defence or counter claim, in ordinary and concise language, without repetition.

It is not pretended that the answer in this case falls under the second sub-division. It certainly contains no new matter. It is contended that it does contain specific denials of material allegations of the complaint. They are, first, a denial of the allegation of non-payment of the note contained in the complaint; second, a denial of indebtedness by reason of making the note, or that the note or any part of it is justly due or owing by the defendants to the plaintiff. Under these denials, no new matter would be admissible in evidence. The plaintiff would have nothing to prove upon the trial, except it might be a computation of the interest upon the note ; for the making of the note is admitted by the answer. He would only have to open his case to the jury and demand their verdict; and there is nothing that the defendants could give in evidence under their answer. They could not prove payment, because

they have not set it up in their answer; and so, of any other imaginable defence. Having admitted the making of the note, and not having set up any fact showing why they ought not to pay it, their liability to pay it is a legal conclusion, from which the defendants cannot escape, as they have not prepared the way by their answer, for giving any defence in evidence.

The defendants' counsel have requested permission to amend. Amendments are usually allowed in order to promote the ends of justice. In the present case there is no affidavit showing that the defence was interposed in good faith; and the moving affidavits show a state of facts entirely inconsistent with any defence whatever; and these affidavits are not met, or attempted to be met, with any denial or explanation. I do not understand the practice to be to allow of relieving a defendant from such a predicament, into which he has voluntarily brought himself.

The motion is granted, with ten dollars costs, and judgment is ordered for the plaintiff for the amount of the note, to be assessed upon regular notice by the clerk of Monroe county, which county is designated in the complaint as the place of trial.