[No. 213. Decided June 24, 1892.]

LANDON BETHEL AND ELIZA L. BETHEL, *Respondents*, v. J. W. ROBINSON, *Appellant.*

MORTGAGES—FORECLOSURE—PLEADING—DEMURRER—ERRORS NOT RAISED IN TRIAL COURT.

In an action to foreclose a mortgage on real estate, a complaint is sufficient which states the title of the cause, name of the court, name of the county in which the action is brought, name of the parties to the action, and gives a plain and concise statement of the execution of a promissory note for the amount claimed, the execution of a mortgage to secure same, time of maturity of the note, its non-payment, and the plaintiffs are the owners and holders of the note.

Where the record shows that, after a motion for judgment on the pleadings had been sustained, evidence was introduced by the plaintiff in support of his cause of action, and upon said evidence the court based its conclusions of fact, it will be presumed on appeal that the motion for judgment on the pleadings was considered and treated by the court as a demurrer to the answer.

An appellant cannot assail for the first time in the supreme court errors which it was his right to have had corrected in the court below.

*Appeal from Superior Court, Thurston County.*

Action by Landon Bethel and wife against J. W. Robinson for the foreclosure of a mortgage. Judgment for plaintiffs and defendant appeals.

*J. W. Robinson,* for appellant.

*Francis Henry,* and *Eddy, Gordon & Skillman,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—We think there was no error committed by the trial judge in overruling defendant's demurrer. The complaint states the title of the cause, name of the court, name of the county in which the action is brought, and the

name of the parties to the action.    It gives a plain and concise statement of the facts constituting the cause of action, viz., the execution of a promissory note in writing for the amount claimed, the execution of a mortgage, time of the maturity of the note and its non-payment, and the fact that plaintiffs were the owners and holders of the note.    These are the essential statutory requirements, and they are all substantially met by the complaint.

The answer of the defendant was as follows: "He admits the execution of the note and mortgage described in plaintiff's complaint, but he denies each and every other allegation contained therein, and each and every part thereof." It is contended by the appellant that the answer was sufficient to put in issue the question of payment, and that, therefore, the motion for judgment on the pleadings should have been denied.    We are inclined to think, from an examination of the authorities, that under the pleadings no proof was required.    However, the record shows that that question was not involved in this case; for while a motion for judgment on the pleadings was sustained by the court, it was evidently considered and treated by the court as a demurrer to the answer, for the record shows that on the 23d day of October, 1890, the case came on regularly to be heard, and that after the motion for judgment on the pleadings had been sustained, evidence was introduced by the plaintiffs in support of their cause of action, and upon said evidence the court based its conclusions of fact.

We are unable to see anything in the third contention of the appellant that the decree is void.    So far as the attorney's fee is concerned, the presumption applicable to courts of general jurisdiction is that proof, without which judgment could not be given, was duly made on the trial.    But this position, like the fifth objection, that the decree is erroneous in giving judgment for a greater sum than was due, was never brought to the attention of the trial court so that it

could have an opportunity to correct such errors if they existed, and the appellant will not be permitted to assail for the first time in this court alleged errors which it was his right to have corrected in the court below.

The judgment of the lower court is affirmed.

ANDERS, C. J., and STILES and HOYT, JJ., concur.

SCOTT, J., not sitting.