[No. 2007. Decided March 2, 1896.]

COLUMBIA NATIONAL BANK, *Respondent*, v. WESTERN IRON AND STEEL COMPANY, *Appellant*.

ACTION ON NOTE — PLEADING — SUFFICIENCY OF ANSWER.

In an action upon a promissory note, plaintiff is entitled to judgment on the pleadings, when the answer admits the execution of the note and negatives the allegation of non-payment in the complaint merely by a general denial.

Appeal from Superior Court, Pierce County— Hon. JOHN C. STALLCUP, Judge. Affirmed.

*F. Campbell*, and *Doolittle & Fogg*, for appellant.
*P. Tillinghast*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The first count of the complaint alleged simply that the plaintiff was a national banking association, and that the defendant was a domestic corporation. The second count alleged the execution of the note in controversy, by the defendant; and the third, that no part of the same had been paid, and that the same was wholly due. The allegations of the direct answer were as follows: "(1). Defendant admits the allegations of paragraphs one and two thereof; (2) Defendant denies each and every allegation in paragraph three thereof contained;" and the answer then set up an alleged affirmative defense. The plaintiff denied each and every allegation of the affirmative answer, and moved for judgment upon the pleadings; which motion was sustained by the court, and judgment was rendered for the amount claimed in the complaint, after the taking of proof by the court of the amount due by defendant to plaintiff.

. It is contended by the appellant (defendant below) that the court erred in sustaining respondent's motion for judgment on the pleadings; that the issue of payment of the note was squarely effected by the denial in appellant's answer to the third paragraph of plaintiff's complaint. We do not think this contention can be sustained under the law. In *Edson v. Dillaye*, 8 How. Pr. 273, the complaint alleged the non-payment of the note; the answer admitted the making of the note, but denied the allegation of non-payment of the said note as set forth in said complaint, and also denied that defendants were indebted to said plaintiff for said note or by reason of the making thereof, or that said note or any part thereof was justly due or owing by them. *Held*, "that all the allegations of the answer, after the admission of making the note, should be stricken out as frivolous." The court in that case, construing a statute substantially like ours, said: ·

"Under these denials no new matter would be admissible in evidence. The plaintiff would have nothing to prove upon the trial, except it might be a computation of the interest upon the note; for the making of the note is admitted by the answer. He would only have to open his case to the jury and demand their verdict; and there is nothing that the defendants could give in evidence under their answer. They could not prove payment, because they have not set it up in their answer; and so, of any other imaginable defense. Having admitted the making of the note, and not having set up any fact showing why they ought not to pay it, their liability to pay it is a legal conclusion, from which the defendants cannot escape, as they have not prepared the way by their answer for giving any defense in evidence."

Bliss on Code Pleading, § 357, lays down the rule that non-payment is an affirmative matter and must be pleaded as well as proved. See, also, *Bethel v.*

*Robinson,* 4 Wash. 446 (30 Pac. 734); Van Santvoord, Pleadings, 470; *Houghton v. Townsend,* 8 How. Pr. 441; *Clark v. Spencer,* 14 Kan. 398 (19 Am. Rep. 96).

In *Hubler v. Pullen,* 9 Ind. 273 (68 Am. Dec. 620), the court said:

" The complaint, it is true, ordinarily avers that the instrument sued on has not been paid; still, proof of that averment is not required, and, therefore, it is not put in issue by a general denial."

Outside of this question the answer is so evidently a pleading of a negative pregnant, that it could not be sustained as a denial of the allegations of the complaint in any event.   The affirmative matter pleaded in the answer so plainly fails to plead a payment to the plaintiff in this action that we do not feel called upon to particularly discuss it.

The judgment of the court will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.