[No. 4665.   Decided March 16, 1904.]

SEWALL SANDERS, *Appellant*, v. STIMSON MILL COMPANY,
*Respondent.*[1]

SEAMAN—ACTION BY SEAMAN FOR PERSONAL INJURIES—COM-PLAINT IN TORT—NO RECOVERY UNDER MARITIME CONTRACT—QUES-TION FIRST RAISED ON APPEAL.   In an action by a seaman for an injury while in the service of the ship where the complaint is in tort for the negligence of the defendant, without any element of maritime contract, the plaintiff, upon failing to establish negli-gence, is not entitled to recover for medical attendance and ·ex-penses incident to his recovery, under a maritime contract, when the question was first raised on appeal, since the case must be de-termined upon the theory on which it was tried below (*Sanders v. Stimson Mill Co.*, 32 Wash. 627, overruled in part).

[1]Reported in 75 Pac. 974.

SAME—ACTIONS—JOINDER OF ACTION IN TORT AND ON CONTRACT. An action in tort for personal injuries to a seaman through negligence of his employer cannot be joined with an action on the maritime contract for medical attendance and expenses incident to his recovery.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 21, 1903, upon granting a nonsuit. Affirmed.

*Scott Calhoun, John E. Humphries,* and *Harrison Bostwick,* for appellant.

*Root, Palmer & Brown,* for respondent.

## ON PETITION FOR REHEARING.

DUNBAR, J.—This case was originally argued and submitted at the May term of court, 1903, and the decision is reported in 32 Wash. 627, 73 Pac. 688, where a statement of the case can be found.

It was there decided that there was no negligence on the part of respondent which was shown to be the proximate cause of the injury to the appellant, and the action of the trial court in taking the case from the jury and rendering judgment for the respondent on that ground was approved. But, upon the argument of the case in this court, it was contended by the appellant that he was entitled, under a maritime contract, to compensation for medical services and attentions and other expenses incident to his recovery, he being hurt while in the service of the ship, regardless of the question of negligence. This view was adopted by this court, and the judgment was modified to that extent, and the cause remanded with instructions to the trial court to allow appellant to introduce proof of damages of this character. Upon petition for rehearing being filed by both appellant and respondent, the cause was reassigned, and has been again argued and submitted.

Upon the main question in relation to want of negligence of the defendant company, and the lack of proof of proximate cause, we are satisfied with our former decision and will not discuss it again. But, upon a reconsideration of the subject, we think we erred in holding that the appellant was entitled to compensation of any kind under a maritime contract, express or implied, so far as this action is concerned. For, whatever the law may be upon that subject, the question is not presented here, as an examination of the complaint shows conclusively that the appellant sued in tort, and that the action was brought to recover for damages sustained by the alleged negligence and wrongful acts of the respondent, and that there is no element of maritime contract expressed or intimated in the complaint, or any of the succeeding pleadings; but the pleadings throughout were framed as are the pleadings in the ordinary personal damage case, involving only the questions of negligence, contributory negligence, and assumption of risks incident to the employment. Not only were these the only issues presented to the trial court by the pleadings, but the trial of the cause was confined exclusively to these issues, and an examination of the record shows that no claim whatever was made during the trial that anything was due the appellant by virtue of a contract of any kind, this question being raised for the first time in this court. We have uniformly held, for reasons that must be manifest without repetition, that we will determine a case here upon the theory upon which it was tried below, and that alleged errors which were not called to the attention of the court would not be reviewed here. See, *Bethel v. Robinson,* 4 Wash. 446, 30 Pac. 734; *Weigle v. Cascade Fire etc. Ins. Co.,* 12 Wash. 449, 41 Pac. 53; *Hardin v. Mullin,* 16

Wash.. 647, 48 Pac. 349; *Coleman v. Montgomery*, · 19 Wash. 610, 53 Pac. 1102; and many other cases.

Not only was there no claim for damages of this char-acter made in the cause, but it could not have been made in this action; for under our code, an action in tort and an action on contract cannot be joined. *Clark v. Great Northern Ry. Co.*, 31 Wash. 658, 72 Pac. 477.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY,. MOUNT, and ANDERS, JJ., concur.