[No. 4920.   Decided February 20, 1905.]

JOSEPH P. LAMBERT, *Appellant,* v. LACONNER TRADING AND TRANSPORTATION COMPANY, *Respondent.*[1]

TRIAL—INSTRUCTIONS—STATEMENT OF ISSUES. It is not error that the instructions to the jury were not prefaced by the usual statement of simple issues formed by the pleadings.

CARRIERS—MASTER AND SERVANT—EMPLOYEE WHEN NOT· PASSENGER ON BOAT. Where a stevedore employed on board a steamer was injured in a collision with a drawbridge through his master's negligence, he is not a passenger while idle and *en route,* and is entitled only to the degree of care owed to servants, where he lived on board under continuous employment, although his principal work was done while in port.

SEAMEN—ACTION FOR PERSONAL INJURIES—COMPLAINT IN TORT— No RECOVERY ON MARITIME CONTRACT. In an action by a stevedore on board a boat, for personal injuries, based solely upon the tortious negligence of the master, the plaintiff cannot recover as a seaman upon a maritime contract for time lost and expenses.

MASTER AND SERVANT—NEGLIGENCE OF CAPTAIN OF BOAT—EVIDENCE IN REBUTTAL. Upon an issue in an action for personal injuries as to the negligence of the captain of a boat which collided with a drawbridge, it is proper to exclude evidence in rebuttal to the effect that the captain asked the bridge tender whether the ·bridge could not be further opened, in time to have enabled him to

1Reported in 79 Pac. 608.

avoid the accident, as, the captain having testified that he called out, it was not impeaching his evidence and the question of distance was a part of the plaintiff's case in chief.

EVIDENCE—OPINIONS—EXPERTS. In an action for personal injuries sustained through the alleged negligence of the captain of a boat in a collision with a drawbridge, it is proper to allow the captain to state his opinion as to whether he could have avoided the accident, where he has qualified and is testifying as an expert witness.

COSTS—RETAXATION. The costs allowed upon a retaxation before the trial court will not be disturbed on appeal, where the record shows a dispute as to the propriety of the item allowed, supported by an affidavit on each side.

Appeal from a judgment of the superior court for King county, Bell, J., entered May 18, 1903, upon the verdict of a jury rendered in favor of the defendant, after a trial on the merits, dismissing an action for personal injuries sustained in the collision of a steamer with a drawbridge. Affirmed.

*A. W. Buddress,* for appellant.
*Ira Bronson,* for respondent.

HADLEY, J.—Appellant brought this action against respondent, and claims damages for injuries received while he was in the employ of the latter. On June 8, 1901, respondent was the owner of a steamer or vessel, called the "E. D. Smith," which it was operating between the cities of Seattle and LaConner. Some time prior to said date, appellant had entered the employ of respondent, as he alleges, in the capacity of a stevedore on board of said vessel. It is alleged that, on the date named, the respondent negligently operated the vessel, and that, by reason thereof, the steamer collided with a certain drawbridge, through which it was attempting to take the vessel; that certain boards were torn loose from the side of the vessel, and

driven against respondent in a sudden and violent manner, whereby he received severe and permanent injuries.

Respondent's answer denies the material allegations of the complaint, and affirmatively avers that the accident happened through the negligence of the bridge tender, who was in control of the drawbridge, in that he failed to keep the bridge properly open; that the accident occurred without negligence on the part of respondent, and despite the efforts of the master and crew, except the appellant; that appellant was not at the time performing the duties for which he was employed; that he was not upon that part of the steamer where he was employed to be, and where he should have been, but was on the outside, merely attempting to see what was being done; that he assumed all the risks and danger of his position, against the wishes of respondent, and in violation of the latter's orders and instructions, expressly given. Contributory negligence is also averred. The cause was tried before the court and a jury, and resulted in a verdict for the defendant. Judgment was entered upon the verdict, dismissing the action, and the plaintiff has appealed.

The cause was once before here on appeal. See, 30 Wash. 346, 70 Pac. 960. A judgment of nonsuit was here reversed, and the cause was returned for submission to a jury.

Appellant assigns that the court erred in not stating to the jury the issues involved in the case. It is true, the instructions were not prefaced by a statement of the issues formed by the pleadings, as is usual in trial courts. It is not necessary, however, that any particular form or routine shall be followed when giving instructions.

"In charging the jury the court shall state to them all matters of law necessary for the information of the jury in finding a verdict; . . ." Bal. Code, § 4993, subd. 6. The issues were simple, and we think, from the instruc-

tions as a whole, the controversy to be tried was made clear to the jury.

It is assigned that the court erred in giving certain instructions, on the ground that they proceed upon an erroneous theory. Appellant insists that he was a passenger upon the steamer at the time of his injury, and that the instructions are based upon the theory that he was an employee, and not a mere passenger. *Peterson v. Seattle Traction Co.,* 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586, is cited in support of appellant's contention. In that case the employee was engaged at track laying, and his contract provided for a stipulated compensation and, also, free transportation to and from the place of his work. While being thus transported, he was injured, and it was held that his relations to the company were then the same as those of any other passenger. We think the relations between appellant and respondent were not similar to those between Peterson and his employer. Peterson was not employed to discharge any duties upon the street car. His work was entirely at another place, and he was under no duties, other than those of a passenger, while traveling upon the car. In the case at bar, the appellant alleges in his complaint that he was employed as a "stevedore on board of said vessel." He not only worked upon the vessel, but *lived* upon it from day to day; and, while it may be true that his principal work was discharged when the vessel was in port, yet his employment was continuous, even while the vessel was *en route,* and it involved the handling of freight upon the boat as well as upon shore. Staying with the boat, and traveling with it, was a part of his employment, and for the time thus consumed respondent compensated him. We think the relation of employer and employee existed at the time, and that the criticized instructions were not erroneous for not proceeding upon the theory that appellant was a passenger.

Appellant further contends that, if he was not a passenger, he was a seaman, and that his rights must be adjudged according to the maritime law applicable to seamen. He therefore argues that the instructions were erroneous in that they did not state the rules of the maritime law applicable to such a case. It is urged that, under the maritime law, a seaman is entitled to recover the amount of his expenses and wages for the time lost by reason of his injury, regardless of whether he is guilty of contributory negligence or not, except only gross or willful negligence. Such right of recovery is, however, based upon his contract as a seaman. Without deciding whether this court should apply maritime rules, if such a contract were before us, it is sufficient to say that this is not such a case. The case is based upon tort, and seeks recovery by reason of negligence of the respondent, and upon no other ground. For that reason, if for no other, recovery cannot be had here upon the maritime contract, under the ruling of this court in *Sanders v. Stimson Mill Co.*, 34 Wash. 357, 75 Pac. 974. It is further argued that the instructions were bad upon any theory, but we do not concur in that view. We think they fairly stated the law applicable to the theory upon which the case was brought and tried, and that no prejudicial error appears therein.

It is contended that appellant was not permitted to introduce rebuttal testimony. We think this criticism of the trial court is not well founded. The issues in the case were simple. The appellant charged negligence to respondent, which was denied, and there were affirmative pleas of assumption of the risk and contributory negligence. The facts tending to prove negligence should have been introduced in chief. After the introduction of appellant's evidence upon that subject, respondent introduced its evidence in contradiction thereof. The appellant then sought to introduce certain evidence to the effect that the captain of

the steamer called to the bridge tender to know if he could not open the bridge further, and that this occurred when the steamer was at such a distance from the opening that her course could have been reversed, and the accident thus avoided.   It was objected that the testimony was a part of the case in chief, but counsel urged that it was to impeach the captain.   We do not think it amounted to impeachment, under the record.   The captain had said that he called out, and the question of distance was certainly a matter for evidence in chief.   Whether the court would have abused its discretion, if it had disallowed the evidence altogether, on the ground that it belonged to the case in chief, we need not decide, since it did permit the witness to state enough to give to the jury his understanding of the point raised, and appellant's case was thereby not prejudiced.

It is urged that the captain was erroneously permitted to testify as to his conclusion, when he was asked as to his opinion whether he could have prevented the collision after he saw the projection in the bridge.   The captain had, however, qualified as an expert seaman, and was then testifying as such.   The conclusion drawn was not one of fact, but was an opinion upon a matter requiring skillful knowledge.   It went to the jury, not as the statement of a fact, but as the opinion of the witness.   As such expert, he was competent to give his opinion.   *Bellefontaine etc. R. Co. v. Bailey,* 11 Ohio St. 333; *Fenwick v. Bell,* 47 E. C. L. 311.

Other errors are assigned upon the introduction of testimony, but from a reading of the statement of facts, we find nothing which we believe amounts to reversible error. The evidence shows that appellant stood at the side of the boat, watching the approach to the bridge opening, the movement of the steamer being at the rate of probably one mile per hour, and that, when the collision occurred, he

was caught and injured. The questions of negligence, contributory negligence, and assumption of the risk were submitted to the jury, and the verdict being against appellant, we find no reason in the record for disturbing it.

A motion to retax costs was filed by appellant, which was in part allowed. The disallowance of the remaining items challenged is assigned as error. The difference between counsel seems in part due to the fact that the cause was assigned for trial on Friday, and was continued until Monday, and that witnesses were in attendance accordingly. The mileage of one witness, who claimed mileage from LaConner, fifty miles or more distant, is also in dispute. The state of the record is such that the correctness of the items is sustained by affidavit upon one side, and is challenged by affidavit upon the other. From the record before us, we are unwilling to say that the trial court, who was in immediate touch with all the facts and circumstances, erred in its ruling upon the motion.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.