[No. 6009.    Decided August 9, 1906.]

JOHN T. SMITH, *Respondent,* v. MATTHEW DOW, *Appellant.*[1]

NEGLIGENCE—ELEVATOR SHAFT—SAFETY OF PLACE—CONTRIBUTORY NEGLIGENCE.  An employee, working at the bottom of an elevator shaft in a building in the course of construction, is not guilty of contributory negligence, as a matter of law, in working there while lumber was being hoisted in the shaft, when the shaft had been covered at the first floor to prevent the fall of lumber to the basement, a portion of which covering was removed on the morning of the accident, and where, at the time of the fall, he was working four or five feet without the shaft in a place ordinarily safe with nothing to indicate any danger.

[1] Reported in 86 Pac. 555.

SAME—SAFE APPLIANCES—ROPE FOR HOISTING—QUESTION FOR JURY. Whether there was negligence in the use of a rope for hoisting lumber in the construction of a building is a question for the jury, where the evidence was conflicting as to whether the knot used was reasonably safe, and some of the witnesses testified that the rope was stiff and unsuitable and others that it was pliable and safe.

SAME — SAFE APPLIANCES — EVIDENCE — ADMISSIBILITY—APPEAL—CURING ERROR. In an action for negligence through the use of an unsafe knot in tying packages of lumber for hoisting, it is not error to admit evidence as to the kind of knot used just previously to the one used on the package which fell; and if so, it was cured where it was subsequently shown that the same knot was used on all the packages.

EVIDENCE—OPINIONS—EXPERT AS TO HOISTING LUMBER. Upon a question as to the proper method of tying packages of lumber to be hoisted, it is proper to allow experts to express an opinion as to whether the method employed was safe.

DAMAGES—EXCESSIVE VERDICT—INJURY TO FOOT. A verdict for $1,600 for injuries to the foot, resulting in the loss of a toe and some impairment and pain, is excessive, where the loss of time and expense did not exceed $400; and the same should be reduced to the sum of $1,000.

APPEAL—RECORD—MATTERS TO BE SHOWN—REFUSAL TO STRIKE COST BILL. Error in failing to strike the cost bill of the prevailing party will not be reviewed on appeal where there is nothing in the record to show that the court has yet passed on the motion.

Appeal from a judgment of the superior court for King county, Morris, J., entered September 7, 1905, upon the verdict of a jury rendered in favor of the plaintiff for $1,600 for personal injuries, sustained by a workman through the fall of lumber being hoisted in the construction of a building. Affirmed on condition of remitting $600.

*Ira Bronson* and *D. B. Trefethen,* for appellant.

*Allen, Allen & Stratton,* for respondent.

MOUNT, C. J.—Plaintiff brought this action to recover for personal injuries, alleged to have resulted from the negligence of defendant's employees in using an insufficient rope and careless fastening in hoisting flooring through an elevator shaft from the first floor to the third and fourth floors

of a large building being constructed in Seattle. Plaintiff recovered a judgment for $1,600. The defendant appeals.

The appellant and the Otis Elevator Company were both independent contractors upon the building. The respondent was in the employ of the Otis Elevator Company, placing an elevator in the building. By consent of the respondent, the servants of appellant were permitted to use the elevator shaft for the purpose of hoisting a certain lot of flooring from the first floor. While this flooring was being hoisted, a covering was placed over the elevator shaft at the first floor. Respondent was working near the bottom of the elevator shaft in the basement of the building. He was not in the shaft but to one side thereof, a distance of four or five feet. The flooring which was being hoisted was arranged in packages, two boards wide and six or seven boards high, at the first floor, and a rope was then fastened around the package and, by means of a block and fall, it was hoisted by hand to the third and fourth floors of the building. On the morning of the 15th of December, 1904, when one of the packages was being hoisted, it fell from near the fourth floor. A part of the covering of the elevator shaft had been removed, so that some of the boards of the flooring fell to the basement, went out of the elevator shaft, and struck the respondent on the right foot, injuring four toes thereof so that the middle toe had to be amputated. The three others were badly bruised. As a result of the accident the respondent was confined to the hospital for twenty-five days, and incurred hospital and physician's bills amounting to $142.25, and lost about two months' time. He was earning $4 per day at the time of the injury.

The appellant assigns several errors. We shall consider these in their order. The first is that the court erred in refusing to instruct the jury to return a verdict for appellant. He makes two contentions upon this assignment; (1) that respondent was voluntarily working in the bottom of the shaft at a dangerous place under the flooring as it was being hoisted,

and knew the danger, and therefore cannot recover; (2) that there was no negligence shown against the appellant. As to the first contention, the evidence very clearly shows that the bottom of the shaft was covered over so that, if flooring fell, such flooring could not have reached the place where the respondent was working. It is true some of this covering had been removed on the morning of the accident. There is dispute as to who removed it. Assuming, however, that sufficient of the covering was removed so as to make the shaft obviously dangerous to any one working therein, the evidence conclusively shows that the respondent was not working in the shaft at the time of his injury. He was without the shaft, some four or five feet, in a place ordinarily safe, where nothing could fall directly upon him and where there was nothing to indicate that he was in danger. We find nothing in the evidence to warrant the court in taking the case from the jury on the ground of contributory negligence.

Upon the question of negligence of the appellant, the evidence is conflicting. There was much dispute among the witnesses whether the knot or fastening used to bind the flooring together was a reasonably safe one, or one ordinarily used for that purpose. There was, also, dispute as to the condition of the rope used to bind the packages, respondent's witnesses stating that the rope was taken from a pile of lime and sand and was stiff and unsuitable for the work, while the testimony of appellant's witnesses was to the effect that the rope was pliable and safe. This being the state of the evidence, the question of negligence was properly left to the jury.

Appellant next alleges error of the court in permitting testimony of witnesses as to the manner in which packages of flooring were tied just previous to the one which fell, as tending to show how the one which fell was tied. These witnesses did not see how the package which fell was tied, but they saw how packages hoisted just previously were tied. We think this was competent because it was so near in point of

time as to be a part of the same transaction. The fact that a certain knot was tied on the packages just previously hoisted, may fairly and reasonably show that the same knot was continually used. Furthermore, the appellant's evidence showed that the same knot was used on all the packages, including the one which fell, and therefore, even if the admission of the evidence complained of was incompetent, the error was subsequently cured. There was no motion for an instructed verdict until the close of all the evidence in the case.

Appellant next alleges error of the court in permitting certain witnesses to testify as to what they considered the proper way to tie the packages. They had previously expressed the opinion that the method used by the appellant was unsafe and not the usual method. These witnesses were qualified as experts. As such they were competent to give an opinion upon the subject. Their statements went to the jury as expressions of opinion, and the jury had the right to consider such evidence on the question of negligence. *Lambert v. La Conner Trad. etc. Co.,* 37 Wash. 113, 79 Pac. 608.

Appellant next alleges error in certain impeaching questions. There was no error in this respect. We do not deem these assignments of sufficient importance to merit discussion.

It is next contended that the verdict is excessive. We think this contention must be sustained. The actual loss of time and expenses of respondent did not exceed $400. While there is some impairment of the foot, and while respondent suffered some pain, we think the evidence does not warrant more than $600 for these items, and that $1,000 is ample compensation for the whole injury shown.

Appellant next contends that the court erred in refusing to strike the cost bill. But there is nothing in the record before us to show that the court has yet passed upon this motion, and we cannot therefore review this question.

For the reason that the verdict is excessive, the cause is remanded for a new trial, unless the respondent within thirty

days after the remittitur is filed below, shall remit $600 from the judgment, in which event the judgment for $1,000 will stand affirmed.

Appellant will be allowed his costs on this appeal.

RUDKIN, CROW, FULLERTON, and DUNBAR, JJ., concur.