[No. 7911.   Department Two.   October 11, 1909.]

ELLING NELSON et al., *Respondents*, v. HENRY C. BROMLEY, *Appellant*.[1]

TRIAL—VERDICT—SEVERAL DEFENDANTS—FORMS — OBJECTIONS. In an action for personal injuries against several defendants who could have been held jointly or severally, if all were guilty of negligence, a verdict against one only, not objected to at the time, is not fatally defective for failing to dispose of the issues as to the other defendants.

APPEAL—PARTIES ENTITLED—ERROR NOT AFFECTING APPELLANT. A defendant jointly and severally liable, against whom a verdict and judgment was rendered, cannot complain of the dismissal of the action as to the other defendants.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $3,500 for the loss of part of the great toe and a crippled condition of the foot causing a perceptible limp, is excessive and should be reduced to $2,500, where it appears that the plaintiff was 29 years of age, employed at $9 per week with a promise of an increase to $12 or $15, that she was in a hospital five weeks, gangrene required several operations, and she suffered considerably.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 12, 1908, upon the

[1]Reported in 104 Pac. 251.

verdict of a jury rendered in favor of the plaintiffs, for $3,500 for personal injuries sustained through an obstruction placed upon a sidewalk. Reversed, and a new trial ordered unless $1,000 is remitted.

*F. S. Blattner, L. F. Chester,* and *L. B. da Ponte,* for appellant.

*William B. Bebb* and *Edwin H. Flueck,* for respondents.

Crow, J.—This action was commenced by Elling Nelson and Eleanor S. Nelson, husband and wife, against Henry C. Bromley, M. Seller & Co., a corporation, and Eyres Transfer Company, a corporation, to recover damages for personal injuries sustained by the plaintiff Eleanor S. Nelson. The jury returned a verdict for $3,500 in favor of the plaintiffs, against the defendant Henry C. Bromley only. From the final judgment entered thereon, he has appealed.

Appellant, by his first assignment of error, contends that the verdict and the judgment entered thereon are fatally defective, in that they fail to dispose of the issues as to all of the defendants. The respondents alleged that the injuries sustained were the result of negligent acts of all defendants. The jury returned the following verdict:

"We, the jury in the above entitled cause, do find for the plaintiff in the sum of thirty-five hundred dollars against the defendant Henry C. Bromley ($3,500)."

On this verdict judgment was entered in favor of the respondents against the appellant Bromley. The judgment further ordered "that the defendants M. Seller & Co. and Eyres Transfer Company recover from plaintiffs their legitimate costs and disbursements." This being an action in tort, the defendants, if all guilty of negligence, could have been held liable jointly and severally. No objection was made to the form of the verdict when it was returned and filed. The order awarding costs to the other defendants disposed of the case as to them. The appellant is in no position to complain

17—55 WASH.

of the disposition made of the issues as to them, if they are satisfied.

Appellant further insists that the damages are excessive. We think this contention should be sustained. The respondent was injured while walking on a public sidewalk on Second avenue, near University street, in the city of Seattle. Servants of the appellant, who is a contractor and builder, had left two large timbers on the walk, in an unsafe position. One of them fell upon respondent, injuring her foot, making it necessary to amputate about three-fifths of the great toe. Some further injury to the upper portion of the foot caused gangrene to set in, made other surgical operations necessary, and left the foot in a crippled, tender and sensitive condition although now healed. The respondent, who is about twenty-nine years of age, had been employed at $9 per week, and had a promise of an advance in wages to $12 or $15 per week. She was in the hospital for five weeks and suffered considerably. In *Smith v. Dow*, 43 Wash. 407, 86 Pac. 555, this court held that a verdict awarding $1,600 damages for the loss of the middle toe and the bruising of three others was excessive. The evidence here is that a loss of the great toe will cripple a person more severely and cause a more perceptible limp in walking than would the loss of any other. The injury sustained by the respondent is more severe than that sustained by the plaintiff in *Smith v. Dow, supra*. We are, nevertheless, constrained to hold that the damages here awarded are excessive, and that they should be reduced, or that a new trial should be ordered.

By reason of the excessive verdict, the cause is remanded for a new trial, unless the respondent, within thirty days after the filing of the remittitur in the superior court, shall remit $1,000 from the judgment, in which event a judgment for $2,500 will stand affirmed. The appellant will recover his costs in this court.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.