[No. 10119. Department Two. September 4, 1912.]

ANDREW STONE, *Respondent*, v. CHRIS T. SYLLIAASEN *et al.*, *Appellants*.[1]

MASTER AND SERVANT—SAFE PLACE AND METHOD OF WORK—EVIDENCE—EXPERT OPINION—ADMISSIBILITY. Where a servant, assisting in removing false work, was not acquainted with the method of work or instructed how to do it, other than to hold one end of a plank while a fellow servant lossened the other end, and was injured when the fellow servant threw his end of the plank to the floor, the opinion of experts that the method and place of work was unsafe is admissible, where there was evidence that the fellow servant did not act negligently but performed his work in the method theretofore adopted.

[1]Reported in 126 Pac. 84.

SAME—ASSUMPTION OF RISKS. In such case, the injured servant did not assume the risk of injury from such act of his fellow servant, for he was not informed that it was intended.

SAME—SAFE PLACE AND METHOD OF WORK—QUESTION FOR JURY. In such case, the negligence of the master in failing to provide a safe place or method of doing the work is for the jury.

Appeal from a judgment of the superior court for King county, Prigmore, J., entered June 10, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in the construction of a building. Affirmed.

*Hughes, McMicken, Dovell & Ramsey, Otto B. Rupp,* and *J. B. Joujon-Roche,* for appellants.

*Jno. Mills Day* and *M. E. Brewer,* for respondent.

FULLERTON, J.—The respondent, plaintiff below, recovered in this action against the appellants for personal injuries suffered by him while in the appellants' employment working as a common laborer upon a building which the appellants were erecting under contract with the owner. From the judgment entered in his favor, this appeal is prosecuted.

The building upon which the respondent was working when injured was a five-story structure, the walls of which were constructed of concrete. The joists marking the divisions between the several stories were inserted as the walls were constructed. In order to hold them in place during the construction of the walls, certain false work or shoring was used. This consisted of upright posts nearly the height of the story, placed some two feet from the wall and rested on the floor beneath, on which was placed a capping consisting of planks three by six inches in size. On top of the planks the joists were rested, being toe-nailed thereto to hold them in place. After the wall was built up to and around the ends of the joists, this shoring was removed by tearing it out. The planks capping the posts, being nailed to the joists, did not always fall away when the posts were removed, and it was

necessary to take them down by other means. One such plank, some 18 or 20 feet in length, remained attached to the joists after the posts had been removed in the room in which the respondent was working, and he was ordered by the foreman in charge of the building to assist in its removal. The respondent had not theretofore been engaged in removing the shoring, and knew nothing about the process or the dangers attending upon it, and in the particular instance simply followed the directions of the foreman. Ladders were leaned against the wall of the building near the ends of the plank it was desired to remove. The respondent was directed to ascend one of the ladders and hold that end of the plank in place while another workman loosened the other end. The respondent performed his work as directed, but the other workman, instead of holding the plank after he had loosed it from the joists, threw his end to the floor below. This act caused the end the respondent was holding to loosen and slip through his hands and the plank itself to rebound against him. In the rebound the end of the plank struck the respondent in the eye, tearing and bruising it in such a manner as to necessitate its surgical removal.

In his complaint the respondent charged the appellants with negligence in the following particulars: (1) that they failed to furnish the respondent with a safe place in which to perform the work required of him; (2) that they failed to warn him of the dangers incident to his employment; (3) that they failed to instruct the respondent's co-worker as to a manner in which he could perform his work so as not to endanger the respondent; (4) that they failed to inform the respondent as to the manner in which his co-worker had been theretofore instructed to perform similar work; (5) that they directed the respondent to perform work in a manner and in a place in which it was dangerous to perform such work, and failed to instruct him how to avoid such dangers. The respondent, answering the complaint, denied the allegations of negligence set forth therein, and alleged

affirmatively contributory negligence and assumption of risk on the part of the respondent; specially alleging that the injuries received by the respondent, if any, were caused by the negligent acts of a fellow servant of the respondent, not by the negligent acts of the appellants.

On the trial, under the issues as thus made, the court, over the objection of the appellants, permitted a contractor and builder, who qualified as an expert, to testify on behalf of the respondent that the place of work furnished the respondent by the appellants was unsafe, also that the method of taking down the timber in question adopted by the appellant was not in his opinion safe, and to state why he thought the place unsafe and what would have been a safe way to have performed the work; and in its charge to the jury the court instructed them upon the duty of the master to furnish his servant with a safe place in which to work, explaining at some length the reasons for the rule and its application to the particular case. At the conclusion of the evidence, the appellants challenged its sufficiency to make a case for the jury, and asked the court to direct the entry of a judgment in their favor.

In support of their appeal, the appellants contend that the court erred in permitting the expert witness to give his opinion as to the safety of the place of work provided by the appellants for the respondent and the safety of the method adopted by the appellants for removing the plank, and erred in charging the jury on the duty of the appellants to furnish the respondent with a safe place in which to work. If we understand the grounds of the objection, it is not contended that such evidence is never admissible, or that the charge is inherently vicious in itself, but is rather that the evidence was not admissible and the charge erroneous in the particular case for the reason that it is thought to be made clear by the testimony that the cause of the injury was the negligent act of a fellow servant, and not the unsafe place of work or the unsafe method adopted of doing the work. It

is said that the appellants' coservant, instead of holding onto his end of the plank as he should have done, negligently and carelessly threw it down upon the floor beneath him, thus causing it to rebound and strike the respondent; that he did not do this because of the insecurity of the place to work, but dropped it purposely and intentionally, and would have done so "had he stood on a step ladder, a platform or a floor itself," and that the master's duty to provide a safe place to work for his servants is not violated when the unsafety of the place provided is caused solely by the negligent acts of competent coservants in carrying out the details of the work.

But it seems to us that the appellants have here assumed, as proven, facts that are in question in the record. It was shown indirectly in the respondent's case in chief, and testified to directly by the coservant of the respondent, who was put on the stand by the appellants themselves, that the coservant did not negligently and carelessly drop the end of the plank, but, on the contrary, that he performed that part of the work as he had been led to understand he was expected to perform it, and in the manner that he had theretofore performed it. If this be true, and the jury had a right to believe it true, it is plain that there arises at once the question whether any adequate provision was made for the protection of the respondent. It will be remembered that the respondent had not, prior to this time, taken part in this particular work, that he was not acquainted with the method in which it had theretofore been carried on, and had been given no general instructions pertaining to it. The evidence is that he was only partially instructed as to his duties. He was told to hold his end of the plank while his coservant loosened the other end. He had the right, therefore, to assume that nothing further would be done than loosen the plank until he was further instructed concerning his duties, and hence assumed the risk incurred from the operation only so far as performance was directed in his presence. He did not assume the risk of injury from the throwing of the loosened

end of the plank to the floor, for he was not informed that such a thing was intended. And since the respondent did not know how the work was to be performed, he could not have known, of course, before participating therein, whether the place of work provided for him or the method of doing the work was or was not safe, and it was open to him at the time of the trial to make that contention; it was competent for him to show by expert witnesses that the manner of doing the work was dangerous in that no adequate provision was made for his safety while engaged in the performance of the work; or, in other words, that no safe place was provided him in which to perform the work. The evidence admitted and the charge of the court, as they bore directly upon the point, were not therefore objectionable. That this character of evidence is not inherently inadmissible, see *Lambert v. La Conner Trad. & Transp. Co.*, 37 Wash. 113, 79 Pac. 608; *Smith v. Dow*, 43 Wash. 407, 86 Pac. 555.

The final objection is that the evidence is not sufficient to justify the verdict, but this objection needs no further discussion. We have shown that there was sufficient evidence of the appellants' negligence to make a question for the jury, and this is as far as we have a right to inquire.

The judgment is affirmed.

MOUNT and ELLIS, JJ., concur.