[No. 27800.  *En Banc.*  May 6, 1940.]

IRMA P. SPRINGER, *Relator*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

*A. J. Hutton* and *R. E. Lowe*, for relator.

*E. O. Connor*, for respondent.

ROBINSON, J.—In this matter, the relator, a plaintiff in an action pending in the superior court of Spokane county, prays for a writ of mandate directing a judge of that court to enter judgment in accordance with the prayer of her complaint.  The writ is sought upon the ground that, after issue had been joined by complaint,

[1] Reported in 102 P. (2d) 266.

answer, and reply, the defendants filed a motion for judgment on the pleadings, which the court overruled. A few days after the entry of the overruling order, the plaintiff moved for judgment, which the trial court refused, and still refuses, to enter.

Plaintiff, as relator in this proceeding, contends that the trial judge had no discretion in the matter, but that it was, and is, his ministerial duty to enter judgment in accordance with the prayer of her complaint, and, in-vokes a long line of decisions of this court, and, in par-ticular, *Yakima Hardware Co. v. Strickler,* 156 Wash. 369, 286 Pac. 853; *State ex rel. Dept. of Public Works v. Skagit River N. & T. Co.,* 181 Wash. 642, 45 P. (2d) 27; *State v. Vinther,* 183 Wash. 350, 48 P. (2d) 915. For citation and discussion of our earlier decisions on this subject, see the dissenting opinion on the rehearing of the *Vinther* case, 186 Wash. 691, 58 P. (2d) 357.

It is necessary to an understanding of the instant matter to review the pleadings in the action in which we are asked to command the superior court to enter judg-ment for the plaintiff. The complaint alleges, in sub-stance, that, in December, 1937, Alexander E. Springer was killed by an automobile driven by Carl L. Bouge, sometimes known as Carl L. Boge. Irma R. Springer, the decedent's widow, brought a wrongful death action against Carl L. Bouge and the Boge Brothers Bakery. Einar A. Boge, claiming to be the owner of the bakery, conducted negotiations for a settlement of that action on behalf of the defendants therein. By the terms of the settlement which grew out of the negotiations, Carl L. Bouge and Einar A. Boge agreed to (a) pay the plaintiff one thousand dollars; (b) give a note for twenty-five hundred dollars secured by a mortgage on certain real property; (c) repair the Springer automo-bile; and finally—and this is the matter with which the present action is concerned—(d):

"That the defendant herein will arrange with his brother Einar, for the employment of the plaintiff herein in the Boge Bakery, on Sheridan Street, Spokane, Washington, at the union scale of wages during such time as her services are satisfactory."

It was for an alleged breach of (d) that the pending action was brought. It was alleged that plaintiff was damaged by the breach in the sum of five thousand dollars, and judgment prayed for for that amount. The answer, among other things, alleged that plaintiff's services were unsatisfactory, setting up that she was quarrelsome, irritable, insubordinate, etc., and that she voluntarily quit the employment. All such matters were denied by reply.

Shortly after the service and filing of the reply, the defendants filed a motion, which we set out in full:

"MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS

"Comes now the defendants and move the Court for an order as follows, to-wit:

"I. To strike from the trial docket the setting of the said case for the reason that there is no issue of fact to be submitted to the jury.

"II. For judgment upon the pleadings and dismissing said action for the reason that the said complaint does not state any facts sufficient to constitute a cause of action, or entitle the plaintiff to any relief herein, upon the grounds that the said plaintiff is suing upon alleged oral contract for the employment of plaintiff at the union scale of wages during such time as her services are satisfactory, the same being a purported oral agreement unenforceable for want of any consideration moving to the defendants to support it, other than rendition of services by the plaintiff.

"III. That said contract is not for any definite period, and that said contracts being for an indefinite period and may be terminated by either plaintiff or defendants at any time, and that no action can be sus-

tained in such case for a wrongful discharge, if any, or plaintiff ceasing employment.

"IV. The complaint alleges that the plaintiff was discharged, while the answer of the defendants alleges that the plaintiff quit her employment. In either case the rule of law *in* the same, and the so-called contract was terminated by the acts of either party or both."

Some time after this motion was heard, the trial judge rendered a memorandum decision. After stating the issues, much as we have done, he went on to say:

"In their motion for judgment upon the pleadings the defendants emphasize the fact that no benefit or consideration passed from the plaintiff to the defendants Einar A. Bouge and Kersten Bouge, who were under no liability to the plaintiff as administratrix but were merely volunteers in the settlement, and that the arrangement to employ the plaintiff, which was a part of the agreement of settlement, was without force or effect as to them; in other words, that the contract was wholly without consideration so far as they were concerned. But this contention overlooks the principle of the law of contract to the effect that a consideration may be one of value or benefit to the promissor, or of loss or disadvantage to the promissee.

"It seems to be clear from the cases cited by the brief submitted on behalf of the plaintiff that the present case in principle falls within the rule quoted from 39 C. J. 41, and 18 R. C. L. 510, which is supported by the decisions in *Pennsylvania Co. v. Dolan,* 32 N. E. 802, *Yellow Poplar Lumber Co. v. Rule,* 50 S. W. 685, *Dysart v. Dalkens Lumber Co.,* 300 S. W. 906, *F. S. Royster Guano Co. v. Hall,* 600 Fed. (2nd) 583, *Fisher v. John L. Roper Lumber Co.,* 111 S. E. 857, and other authorities.

"It may be true that the defendants Einar A. Bouge and wife derived no material benefit from the release of the claim of the plaintiff against Carl L. Bouge and his wife, although there can be no question that they had a very deep interest in the reduction of the charge pending against Carl L. Bouge so that he suffered only a jail sentence instead of as for a felony; but, on the other hand, the plaintiff surrendered her claim for

damages in the sum of $10,000 in consideration not only of the payment of the sum of $3500, but also of the promise on the part of Einar A. Bouge and his wife to give her employment so long as her services should prove satisfactory. The question as to whether her services proved satisfactory was not to be determined solely by said defendants, and she could not be discharged arbitrarily or without cause. The circumstances under which the connection of the plantiff with the business of the defendants was severed are in very sharp controversy and of necessity a trial would be necessary in order to determine the right of the matter.

"It is believed that the motion for judgment upon the pleadings is not well taken and it will therefore be denied."

On June 17, 1939, the court entered an order the closing sentence of which reads as follows:

"It is by the Court ORDERED that said Motion for Judgment on the Pleadings and to Dismiss be, and the same is hereby denied."

The relator's position is that, upon the entry of this order, she immediately became entitled to judgment for five thousand dollars. It is contended that the right to such judgment follows from those decisions concerning motions for judgment on the pleadings which we have already cited, and it is further contended that, once having entered the order, the court has no right to recede from it; citing *State ex rel. Stone v. Superior Court*, 97 Wash. 172, 166 Pac. 69; and *State ex rel. Western Stevedore Co. v. Jones*, 145 Wash. 258, 259 Pac. 718.

The term or phrase "motion for judgment on the pleadings" has more than one meaning. From the point of view of our statutory law (Rem. Rev. Stat., § 278 [P. C. § 8365]), it means a motion made by a defendant for judgment when the plaintiff has failed to deny a reply to a counterclaim or defense. How-

ever, this court has, in common with many others, recognized the practice of making such a motion to search the entire record. In making such a motion, the moving party invites judgment against himself, unless he prevails. As is said in *Yakima Hardware Co. v. Strickler,* 156 Wash. 369, 286 Pac. 853, the rule is:

"By making a motion for judgment in his favor upon the pleadings, the moving party admits not only the truth of the allegations of his opponent, but also admits the untruth of such of his own allegations as stand denied."

It is widely recognized in the case law of this country that this rule has frequently operated as a trap for the unwary, and, for that reason, a motion for judgment on the pleadings which invites a search of the entire record is not favored by the courts. 1 Bancroft's Code Pleading, Ten Year Supp., § 633. It is for that reason also that the courts of a number of jurisdictions hold that the motion admits, for the purposes of the motion only. After stating the more technical rule, the supreme court of California, in rejecting it, said, in *Hale v. Gardiner,* 186 Cal. 661, 200 Pac. 598:

"However, litigation should not be disposed of on any such technical considerations. A litigant should not be compelled to secure the judgment of the court upon a debatable question of pleading at the expense of losing his case if the court differed in its conclusion from the contention of the party."

And in *Cammann v. Edwards,* 340 Mo. 1, 100 S. W. (2d) 846, the court said:

"The admission of facts well pleaded by the opposite party, implied from a motion for judgment on the pleadings, is not an admission which establishes facts as true. The real position of the party moving for judgment is that *if* the allegations of the opposite party be true in fact, they are nevertheless insufficient in

law. When his motion for judgment is overruled, the implied admissions made by the motion have served their only purpose, and the movant may still take issue on the facts."

Similar decisions are found in the reports of other states. We have, however, steadily held to the more technical rule. The *En Banc* decison in the *Vinther* case goes as far in enforcing it as any other decision that can be found in the law reports.

■ While we are bound by these decisions, the consequences of applying the rule are so drastic that we are not bound to, and should not, apply it in doubtful cases. We have said as much, though in different language, in *Eastern Outfitting Co. v. Lamb*, 169 Wash. 480, 483, 14 P. (2d) 30.

By the plain terms of Rem. Rev. Stat., § 263 [P. C. § 8350], a defendant, by filing an answer, does not waive the right to subsequently test the legal sufficiency of the complaint. Although it is then too late to demur, he may raise the objection that the complaint does not state facts sufficient to constitute a cause of action at any stage in the proceedings. We have quoted the defendants' motion in full. Its content is such that, if they had not designated it as a motion for judgment on the pleadings, and so referred to it in the body of the motion, no one could doubt but that they were merely exercising the right, preserved to them by § 263, to test the legal sufficiency of the complaint. We requote the principal paragraph of the motion:

"II. For judgment upon the pleadings and dismissing said action for the reason that the said complaint does not state any facts sufficient to constitute a cause of action, or entitle the plaintiff to any relief herein, upon the grounds that the said plaintiff is suing upon alleged oral contract for the employment of plaintiff at the union scale of wages during such time as her

services are satisfactory, the same being a purported oral agreement unenforceable for want of any consideration moving to the defendants to support it, other than rendition of services by the plaintiff."

It is plain, when the motion is considered as a whole, that the defendants took the position that there was no reason to try the case, although issue had been fully joined, because the complaint did not state facts sufficient to constitute a cause of action; and, as we have seen, the court filed a memorandum opinion wholly devoted to demonstrating that they were mistaken and that the complaint did state a cause of action.

The relator points out, however, that the motion was designated as a motion for judgment on the pleadings; that it was so referred to in the court's memorandum opinion; and that the order made by the court expressly states that the defendants' "Motion for Judgment on the Pleadings and to Dismiss be, and the same is hereby denied." This, the relator contends, is conclusive.

The trial court, in ruling upon the motion, would naturally use the same language in designating it that the defendants had used. It would, perhaps, be a sufficient answer to relator's contention to say that the defendants ought not to be penalized because their attorneys used inept language in designating the motion made on their behalf. But however that may be, there is a more conclusive answer. We quote from *Wolf Co. v. Northwestern Dairy Co.,* 55 Wash. 665, 674, 104 Pac. 1123:

"It is contended that the motion for judgment on the pleadings was an improper method of testing appellant's answer. This practice has heretofore been sanctioned by this court. *Port v. Parfit,* 4 Wash. 369, 30 Pac. 328; *Bethel v. Robinson,* 4 Wash. 446, 30 Pac.

734; *Lake v. Steinbach,* 5 Wash. 659, 32 Pac. 767; *Hanna v. Savage,* 7 Wash. 414, 35 Pac. 127, 36 Pac. 269; *Columbia Nat. Bank v. Western Iron & Steel Co.,* 14 Wash. 162, 44 Pac. 145; *Morris v. Healy Lumber Co.,* 33 Wash. 451, 74 Pac. 662; *Hubenthal v. Spokane & Inland R. Co.,* 43 Wash. 677, 86 Pac. 955. In the case last cited, at page 684, the court said:

" 'The first question discussed by the appellants is one of practice. It is claimed that the proper way to test the sufficiency of a pleading is by demurrer and not by motion for judgment on the pleadings. As an abstract proposition this is true. The practice of objecting to the introduction of testimony, or moving for judgment on the pleadings, because of some formal defect in the pleadings which may be cured by amendments is not to be commended. *But where the motion for judgment goes to the substance of the action* or defense and not to the mere form of allegation, *there is no reason why the practice should not receive the sanction of the courts. If there is no cause of action* or no defense, and no defect curable by amendment, *the time of the court should not be taken up in hearing testimony that can avail nothing.'* " (Italics ours.)

In conclusion, the matter may be summarized as follows: (1) Although the defendants, by answering, had waived their right to file a demurrer, they still had the statutory right to raise the objection that the complaint did not state facts sufficient to constitute a cause of action. (2) Their motion, as its content plainly shows, raised that identical objection. (3) This court, though not commending, has sanctioned the practice of raising such an objection by motion for judgment on the pleadings. We are of the opinion that, under these circumstances, the line of cases, of which *Wolf Co. v. Northwestern Dairy Co., supra,* is an example, govern the matter before us rather than the line of cases upon which the relator relies. It follows that the effect of the order overruling defend-

ants' motion for judgment on the pleadings was merely to hold that the complaint stated a cause of action.

The application for the writ is denied.

JEFFERS, STEINERT, and SIMPSON, JJ., concur.

BLAKE, C. J., MAIN, and BEALS, JJ., concur in the result.

MILLARD, J. (dissenting)—I dissent. The application should be granted.