[No. 33336. Department One. November 3, 1955.]

PAUL R. GERTZ, *Appellant,* v. AMERICAN DISCOUNT CORPORATION, *Respondent.*[1]

'Reported in 289 P. (2d) 369.

*Mark M. Litchman*, for appellant.

*McMicken, Rupp & Schweppe*, for respondent.

FINLEY, J.—This is an action to recover one third, or $1,-333, of the proceeds realized by defendant from the foreclosure and sale of a chattel mortgage.

Paul R. Gertz, a real-estate broker doing business as Paul R. Gertz & Company, sold an interest in a hotel to Howard F. Smith. On the transaction, Gertz earned a commission of $2,500, which was to be paid by Mr. Smith. On November 22, 1949, Mr. Smith gave his note, secured by a chattel mortgage on personal property located in the hotel, to Gertz in the amount of $2,500. Shortly thereafter, Smith was in need of working capital for operating the hotel. It was orally agreed by Paul R. Gertz, the American Discount Corporation, and Mr. Smith, that, if Gertz would surrender to the American Discount Corporation the note and chattel mortgage executed by Smith, the corporation would lend to Smith the sum of $7,500, and that, out of the repayment of this loan, $2,500 would be paid to Gertz. Pursuant to this arrangement, Gertz surrendered Smith's note and mortgage to the American Discount Corporation, and Smith executed a note in the amount of $8,856 payable to the corporation. This amount covered the working capital lent to Smith ($5,000), the $2,500 due to plaintiff, and prepaid interest on the loan ($1,356). The note was secured by a chattel mortgage on personal property in the hotel.

On January 27, 1950, defendant wrote a letter to the plaintiff, as follows:

"This is to confirm our understanding that you have a $2500.00 reserve in the Howard F. Smith note and chattel mortgage executed by him in our favor on December 5, 1949, which mortgage covers the leasehold interest and furniture in the St. Charles Hotel at 619 Third Avenue, Seattle, Washington. The note and mortgage were in the original sum of $8856.00, payable in 18 monthly installments of $492.00 each, beginning January 15, 1950.

"Your reserve shall draw interest at the rate of 6% per annum, and *shall be repayable to you at $150.00 per month out of each monthly installment payment which is made to us by the mortgagor, provided the mortgagor makes said payments in accordance with the terms of the note.* We retain the privilege of paying your reserve in full at any time.

"In the event that the mortgagor shall fail to make his payments and foreclosure proceedings should become necessary, *we will give you first opportunity for a reasonable length of time to protect your reserve account* so that you can arrange to pay off the balance then owing to us on the mortgage debt." (Italics ours.)

On February 15, 1950, plaintiff answered the above letter as follows:

"In accordance with our agreement dated January 27, 1950, we were to receive $150.00 per month out of each monthly installment payment made by Mr. Howard F. Smith on the Chattel Mortgage. .

"To date, we have not received any payment. I presume that you had intended to wait for the current installment now due and payable by Mr. Smith before sending us a check for the January 15th and February 15th installments in the amount of $300.00.

"I trust that your bookkeeper has marked her records accordingly in regard to this payment due us when, as and if paid by Howard F. Smith.

"Thanking you for your usual courtesy and cooperation, we remain."

No part of the $2,500 was paid, except the $300 referred to in the second letter. Sometime during July of 1950, the American Discount Corporation foreclosed on the note and chattel mortgage, and realized $4,000 therefrom. It is the contention of appellant Gertz that his one-third joint ownership in the note and chattel mortgage entitled him to one third of the proceeds from the foreclosure.

The American Discount Corporation did not interpose a demurrer to the complaint, but alleged in its answer, as an affirmative defense, that the action was not commenced in the time limited by law. After plaintiff had made an opening statement, defendant moved for dismissal of the action and coupled the motion with an objection to the introduction of

any evidence on the ground that neither the complaint nor plaintiff's opening statement stated a cause of action. The trial court invited the plaintiff to amend. Plaintiff declined to do so, except to set forth his letter of February 15, 1950, as a part of the complaint. Defendant's motion was granted, and the action was dismissed with prejudice.

In connection with its action of dismissal, the trial court was of the opinion (1) that, if the action was based on an oral agreement, it was barred by the three-year statute of limitations applicable to such oral agreements; and (2) that, if the action was based on a written agreement, no cause of action was stated.

In view of appellant's position on appeal that the cause of action is based upon the two letters, we are treating the action as one arising out of a written agreement; i.e., an action arising out of the two letters quoted hereinbefore. It follows that it is unnecessary to decide whether the three-year statute of limitations applies, or whether a defense as to the statute of limitations has been properly raised by the defendant.

When a defendant files an answer, he does not waive his right to test, at a later date, the legal sufficiency of the complaint on the ground that it does not state facts sufficient to constitute a cause of action. RCW 4.32.190. Such a question may be raised at any stage of the proceedings. *Springer v. Superior Court*, 4 Wn. (2d) 53, 102 P. (2d) 266; *Cannon v. Miller*, 22 Wn. (2d) 227, 155 P. (2d) 500, 157 A. L. R. 530. In the instant case, the corporation's motion to dismiss indicates that it was exercising the right afforded a defendant by RCW 4.32.190 to attack the legal sufficiency of a plaintiff's complaint.

In order to state a cause of action and to recover on the written agreement, Paul R. Gertz had to bring himself within the terms of the contract and had to show a breach of the agreement on the part of the American Discount Corporation. *Collins v. Northwest Cas. Co.*, 180 Wash. 347, 39 P. (2d) 986, 97 A. L. R. 1235. The agreement in the case at bar provided a limited manner in which Gertz could realize anything out of his interest in the note and mortgage. Gertz

was to be paid ". . . $150.00 per month out of each monthly installment payment *which is made . . . by the mortgagor, provided the mortgagor makes said payments . . .*" (Italics ours.) The agreement provided that, in the event the mortgagor failed to make payment, Gertz would have a reasonable time to buy out the interest of American Discount Corporation in the note and mortgage. It is clear that only two payments were made on the note, and, furthermore, that Gertz received the portion of these payments to which he was entitled under the agreement. The complaint, as well as the opening statement, is entirely devoid of any allegation or suggestion that the American Discount Corporation failed to give Paul R. Gertz a reasonable opportunity to protect his reserve account by purchasing the corporation's interest in the note and mortgage; or that, given such an opportunity, Mr. Gertz would have been ready, willing, and able to have taken advantage of it.

We are convinced that appellant failed to state a cause of action. It follows that the judgment of the trial court dismissing the action should be affirmed. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

December 14, 1955. Petition for rehearing denied.