[No. 12497. Department Two. December 31, 1914.]

THE STATE OF WASHINGTON, *on the Relation of John F. Murphy, as Prosecuting Attorney, Plaintiff,* v. J. J. BROWN, *Respondent.*[1]

ARREST—RIGHT OF SEARCH—RETENTION OF EFFECTS FOR PURPOSE OF SEARCH. Where, upon the arrest of a person charged with an attempt at bribery, a demand was made upon him for $1,000 then on his person, which had been offered as a bribe, together with all papers bearing on the case, to be used as evidence in the case, which the prisoner thereupon turned over to the prosecuting attorney, stating in substance "I suppose you have the right to," the demand was within the rights of the officer to search for and retain either goods or money connected with the crime or supplying proofs relating thereto, and where the moneys and papers appear to have been voluntarily surrendered, it is error, on the prisoner's application to the court for a return of the same, to order the prosecuting attorney to make the return (MOUNT, J., dissenting).

Certiorari to review an order of the superior court for King county, Tallman, J., entered November 5, 1914, ordering the prosecuting attorney to return certain money and papers to an accused person, after a hearing on affidavits upon an order to show cause. Reversed.

*John F. Murphy* and *S. H. Steele,* for relator.

*Tucker & Hyland,* for respondent.

MAIN, J.—On the 29th day of October, 1914, the defendant, J. J. Brown, was charged by information with the crime of attempting to corruptly influence an agent. Thereafter, and on the 5th day of November, 1914, the defendant filed in the cause a petition, wherein he prayed that $1,000 of money and certain papers then in the possession of the prosecuting attorney should be returned to him. Upon the presentation of this petition, an order to show cause was entered directing that the prosecuting attorney appear and show cause why he should not deliver the money and papers to the

[1]Reported in 145 Pac. 69.

defendant as prayed for in the petition.   On the 11th day
of November, 1914, the prosecuting attorney made his return
to the order to show cause.   Thereupon the defendant moved
for judgment as prayed for in his petition.   This motion
was based upon the petition of the defendant, the order to
show cause, and the return of the prosecuting attorney.
The court granted the motion and entered an order directing
that the $1,000 and the papers be returned to the defendant.
To review this order, the cause is brought here by certiorari.

   To avoid confusion, the parties will be referred to as the
defendant and the prosecuting attorney.   The defendant in
his petition alleged in substance:   That he is a citizen of the
Dominion of Canada; that, on the 15th day of October, 1914,
he was sojourning in room 935, of the Frye hotel, in the
city of Seattle, in King county, Washington; that, on this
date, the prosecuting attorney in and for King county en-
tered his room and stated to the defendant that he, the
prosecuting attorney, had power and authority to arrest the
defendant, although at the time the prosecuting attorney
was without a warrant or authority to make such arrest;
that the prosecuting attorney then commanded the defendant
to go with him from his room to the office of the prosecuting
attorney in the Alaska building in the city of Seattle; that,
upon arriving at the office of the prosecuting attorney, he
demanded that the defendant deliver to him $1,000 in money,
then upon the person of the defendant; that at the time the
prosecuting attorney commanded the defendant to go with
him from his room in the hotel to the office of the prosecuting
attorney, the latter commanded and directed the defendant
to bring with him all his personal belongings, including two
leather grips and their contents, which contained, among
other things, papers in the handwriting of the defendant;
that, upon arriving at the office of the prosecuting attorney,
before the issuance of a warrant, and before the filing of any
complaint or information against the defendant, the prose-
cuting attorney demanded that the defendant surrender and

deliver to him the $1,000, together with certain papers belonging to the defendant; that, before the surrender of the money and the papers to the prosecuting attorney, the defendant informed the prosecuting attorney that he desired to be represented by counsel, and that he desired to telephone his attorney; that the prosecuting attorney refused to permit the defendant to communicate with his counsel, and restrained him of his liberty from 12:30 o'clock p. m. until 3 o'clock p. m. of the day named, and that a complaint was not filed against the defendant until after the surrender of the $1,000 and the papers; that the money and papers are unlawfully held by the prosecuting attorney; that the prosecuting attorney proposes to use the money and the papers at the trial of the above entitled cause.

Upon this petition, as above stated, a show-cause order was issued. The prosecuting attorney, in his return to the order to show cause, denies that, in room 935 in the Frye hotel on the 15th day of October, 1914, he stated to the defendant that as prosecuting officer of King county he had power and authority to arrest the defendant; admits that he requested the defendant to come with him from his room in the hotel to the prosecuting attorney's office in the Alaska building; admits that, after arriving at his office, he requested the defendant to deliver to him $1,000 in money then upon the person of the defendant; admits that, after arriving at his office, he requested the defendant to deliver to him whatever papers were in his possession relative to the case under consideration; admits that he requested the defendant to bring his grips and papers from the Frye Hotel to the prosecuting attorney's office; admits that, after arriving at his office, he demanded of the defendant $1,000 in money, and in addition thereto whatever papers and documents the defendant had in his custody and possession bearing upon the question then under investigation. The prosecuting attorney, in his return, denies that he refused to permit the defendant to telephone to his attorney; denies that the money

and papers or any part thereof are being unlawfully or improperly held; admits that he does intend to use the money and papers as evidence on the trial of the cause filed against the defendant, and that he holds them for no other purpose than to be used as such evidence.

Further answering the order to show cause, the prosecuting attorney alleges: That on the 15th day of October, 1914, in addition to being the qualified and acting prosecuting attorney in King county, Washington, that he was a duly appointed, qualified, and acting deputy sheriff; that on the 14th day of October, 1914, complaint had been made to him that the defendant had violated and was continuing to violate § 426 of chapter 249 of the session laws of 1909 (Rem. & Bal. Code, § 2678) ; that, for the purpose of ascertaining the truth of the charge, the prosecuting attorney, on the 15th day of October, 1914, in company with others, was in an adjoining room in the Frye hotel to the room occupied by the defendant and that, at that time, there was therein one W. F. Heppenstahl, an employee of the William J. Burns International Detective Agency; that, at said time and place, the prosecuting attorney had in operation in said room of the defendant a dictograph; that the prosecuting attorney and others, by virtue of the dictograph, heard the defendant offer Heppenstahl $1,000 as compensation, gratuity, and reward in consideration of the revelation and disclosure to the defendant by Heppenstahl of the name of the client of the William J. Burns Detective Agency who was paying the detective agency for investigation by it then proceeding in the Dominion of Canada; that, thereupon, the defendant instructed Heppenstahl to place the name upon a slip of paper and that he would place $1,000 upon the bureau; that the defendant counted out the sum of $1,000 in money; that, at this time, the prosecuting attorney knocked upon the door of room 935, occupied by the defendant under the name of J. J. Harris; that the door was opened and the prosecuting attorney then walked in and

informed the defendant that he was the state's attorney, and requested him to accompany him to his office; that J. J. Harris, as he was then known, requested the prosecuting attorney to identify himself, and for this purpose letters and other documents, including a deputy sheriff's commission, were exhibited; that the prosecuting attorney then believing that the defendant had violated § 426 of chapter 249 of the Laws of 1909, and had committed a crime, and desiring to obtain further evidence for use upon the trial against the defendant, requested the defendant to accompany him to his office and bring with him his books and papers referred to in the petition; that, after arriving at the prosecuting attorney's office, the defendant then stated to the prosecuting attorney that his true name was J. J. Brown and not J. J. Harris; that the prosecuting attorney then requested the defendant to pay him the $1,000 and deliver to him the papers referred to in the petition, stating to the defendant at the time that he desired the money and papers for use as evidence on the trial of the charge which was to be filed against the defendant for attempted bribery; that, after making the request for the money and papers, the defendant stated, in substance, that "I suppose you have the right to," and thereupon delivered them over; that the defendant voluntarily for that purpose surrendered the money and papers to the prosecuting attorney, after having enclosed the money in an envelope and sealed it; that the prosecuting attorney, after receiving the money and papers, proceeded to prepare and file a complaint against the defendant, charging him with the violation of the statute, and caused a warrant to be issued and served upon the defendant, arresting him upon the charge; that subsequently the prosecuting attorney caused to be filed in the superior court of the state of Washington for King county an information against the defendant charging him with the crime mentioned in the statute; that, while the complaint was being prepared in the prosecuting attorney's office, the defendant asked if he was under

arrest, to which it was replied that he was not up to that time, but that he was then placed under arrest; that immediately thereafter the defendant asked permission to telephone to his attorney, who was immediately called, and came to the prosecuting attorney's office; that the prosecuting attorney still has the $1,000 in money, the letters and papers referred to in the defendant's petition, and is retaining them to be used as evidence on the trial of the information now pending in the superior court of the state of Washington.

As above noted, the superior court granted the motion, which was similar in its nature to that of a motion for judgment on the pleadings in a civil action. To sustain a judgment entered upon such a motion, all the allegations of the prosecuting attorney's return to the order to show cause must be taken as true. The defendant, in his petition, does not charge that the money and papers were surrendered by reason of force or duress, or even under protest. There is no statement, in either the petition or the return to the show cause order, which shows the nature or course of the conversation which took place between the defendant and the prosecuting attorney in the latter's office. According to the allegations in the return to the order to show cause, when the surrender of the money and papers was demanded by the prosecuting attorney, the defendant was informed that they were to be used as evidence upon the trial of a charge which was to be filed against him, and that the defendant voluntarily, with the statement "I suppose you have the right to," surrendered them. If the allegations in the prosecuting attorney's return are true, the money and papers were voluntarily surrendered by the defendant to the prosecuting attorney for the purpose of being used as evidence upon the trial of a charge which was to be filed.

The general rule is that, where a person is legally arrested, the arresting officer has a right to search such person, and take from his possession money or goods which the officer reasonably believes to be connected with the supposed crime,

and discoveries made in this lawful search may be shown at the trial in evidence. In Bishop's New Criminal Procedure § 211, the rule is stated thus:

"The arresting officer ought to consider the nature of the accusation; then if he finds on the prisoner's person, or otherwise in his possession, either goods or money which he reasonably believes to be connected with the supposed crime, as its fruits, or as the instruments with which it was committed, or as supplying proofs relating to the transaction, he may take and hold them to be disposed of as the court directs. And discoveries made in this lawful search may be shown at the trial in evidence; as, marks and scars on the prisoner's person; and if there are tracks supposed to be his, the officer may require him to put his feet into them, or to take off his boots to be compared with them, the result to appear in evidence at the trial."

In *Weeks v. United States*, 232 U. S. 383, 393, speaking upon the question of the right to search the person of one under legal arrest, it is said that such right has always been recognized under English and American law, and has been uniformly maintained in many cases. In the present case, if the allegations in the prosecuting attorney's return to the order to show cause are true, the defendant had not been placed under arrest at the time he surrendered the money and papers in question, but that they were voluntarily surrendered with full knowledge of the purposes for which they were to be used. If the papers and money were voluntarily surrendered, no right of the defendant was invaded. These facts would not bring the case within the rule of the cases cited in the brief, which directed the return of the property where it had been illegally taken from the defendant. That the money and papers would be material and relevant evidence upon the trial of the defendant upon the charge of attempted bribery does not seem to be controverted.

The defendant cites, and apparently relies upon as sustaining his right to the papers, the case of *Weeks v. United States, supra.* That case, however, is distinguishable from

the present. There the question involved was the "right of the court in a criminal prosecution to retain for the purposes of evidence the letters and correspondence of the accused, seized in his house in his absence and without his authority, by a United States marshal holding no warrant for his arrest and none for the search of his premises." From this excerpt, quoted from the opinion, it appears that the letters and correspondence there involved were seized in the house of the accused, not only without a warrant, but also without his authority. In the present case, the money and documents were surrendered to the prosecuting attorney voluntarily and therefore by the authority of the defendant after the latter had been advised of the purpose for which they were to be detained.

A number of other questions are discussed in the briefs, but the conclusion we have already reached renders a consideration of them unnecessary. It follows that the judgment must be reversed, and it is so ordered.

CROW, C. J., ELLIS, and FULLERTON, JJ., concur.

MOUNT, J. (dissenting)—It is not disputed that the money taken from the defendant is the property of the defendant. It is not clear that the money is necessary to be used as evidence upon the trial. But conceding that it may be useful and necessary as such evidence, the trial court, in its discretion, may control it and order it returned to the rightful owner, either before or after the trial. Such discretion will not be reviewed except for abuse. There is no abuse of discretion shown here. It seems to me, therefore, that the writ should be dismissed and the order affirmed.

I therefore dissent.