[No. 12790.   Department Two.   October 8, 1915.]

THE STATE OF WASHINGTON, *on the Relation of J. J. Brown,*
*Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY
*et al., Respondents.*[1]

PLEADING—MOTIONS—JUDGMENT ON PLEADINGS. In a proceeding to
obtain the return of money taken from a prisoner, a motion to order
the return of the money, based upon the petition, the order to show
cause, and the return thereon, is a motion for judgment on the
pleadings.

SAME—JUDGMENT ON PLEADINGS—RIGHT TO PLEAD OVER. Plain-
tiff's motion for judgment on the pleadings is more than a demurrer,
and invites the final decision of the court upon the merits as it
then stood upon the record, whether the decision be for or against
the moving party, who cannot, after an adverse decision, claim the
right to plead over or reply.

Certiorari to review a judgment of the superior court for
King county, Gilliam, J., entered March 30, 1915, dismissing
an action to recover certain money and papers taken from an
accused person, upon return of the remittitur from the su-
preme court.   Affirmed.

*Tucker & Hyland,* for relator.
*Alfred H. Lundin* and *W. F. Meier,* for respondents.

PER CURIAM.—The relator, J. J. Brown, seeks to recover
the possession of $1,000 in money and certain papers taken
from his person and now held by the prosecuting attorney of
King county for the purpose of using the same as evidence
upon the trial of a charge of corruptly influencing an agent
pending against him in the superior court of that county.
The case was before us upon certiorari from the superior
court, and disposed of upon the pleadings adverse to the
contention of relator by our decision reported in *State ex rel.
Murphy v. Brown,* 83 Wash. 100, 145 Pac. 69.   Upon the
filing of the remittitur, the superior court being of the opin-

[1]Reported in 151 Pac. 1126.

ion that our decision reversing its decision was in effect a final disposition of the case calling for the rendering of a final judgment denying the relief prayed for by relator, judgment was entered accordingly, which also, in effect, denied the relator's claimed right to reply to the prosecuting attorney's answer to his petition and proceed to trial of the issues claimed to be so raised.

After the filing of relator's petition in the superior court praying for the return to him of the money and papers held by the prosecuting attorney, the order to show cause issued thereon and the prosecuting attorney's answer and return thereto, relator, without demurring, replying or pleading further, "moved the court for an order for the return of said money and papers, upon the petition, order to show cause and return thereon." This is the language of the trial court designating the motion in recitals in the order disposing of it in relator's favor. We have nothing more in the record before us showing the nature of this motion. In our former decision reversing the order of the superior court, this motion was regarded by us as in substance a motion for judgment upon the pleadings. We are still of the opinion that it must be so regarded.

Counsel for the relator contend that the superior court erred in rendering judgment against him, dismissing the case, and in denying him the right to reply and proceed to trial upon the issues which might be so raised. In other words, that his motion for judgment amounted to nothing more than a demurrer to the prosecuting attorney's answer and return, from which it is argued that, upon the filing of the remittitur from this court in the superior court, the relator was entitled to reply as if a demurrer to the prosecuting attorney's answer had been overruled. We do not so view this motion. It seems to us that the motion was further reaching than a mere demurrer. It was an invitation to the court to finally dispose of the case upon the record as it then stood. It called for the searching of the whole record, the petition as well as

the prosecuting attorney's answer thereto. Manifestly, it sought to avoid the right to amend or further plead which the prosecuting attorney would have, had his answer been attacked and found insufficient upon demurrer only. To dispose of the motion in relator's favor would of necessity end the case and prevent any amendment or further pleading by the prosecuting attorney. The relator can have no just ground for complaint by being held to be in the same position as he seeks to place his opponent in by such a motion, so far as the opportunity to amend or further plead is concerned. We think that relator should be held to have submitted the case to the court for final decision, by his motion, whether such decision be for or against him. These considerations would seem to answer the contention of counsel for relator if they were seeking to amend their petition, which they are not doing, but seeking to present new matter in a reply to the prosecuting attorney's answer. So while it is not a question of the relator's right to amend his petition, it is in principle the same. The nature and effect of a motion for judgment upon the pleadings is stated in the text of 31 Cyc. at page 606 as follows:

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well pleaded facts in the pleadings of the opposing party, it may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it."

In *People ex rel. Attorney General v. Brown*, 23 Colo. 425, 48 Pac. 661, there was involved a motion by the relator for judgment upon the pleadings, and its disposition by rendering final judgment against the maker of the motion. Justice Goddard, speaking for the court in that case, said:

"Upon the argument of the motion the respondent attacked the sufficiency of the information, and asked that the motion be carried back to that pleading. The question, therefore, primarily presented, is as to the sufficiency of the information, since a motion for judgment on the pleadings cannot be sustained in favor of a plaintiff in any case except where the complaint states a cause of action and the answer fails to present a defense. *Felch v. Beaudry,* 40 Cal. 439; *Loveland v. Garner,* 74 Cal. 298. And such a motion by a defendant is proper when the complaint does not state facts sufficient to constitute a cause of action. *King v. Montgomery,* 50 Cal. 115; *Kelly v. Kriess,* 68 Cal. 210; *Toro v. Robinson,* 91 Cal. 371. The inquiry, then, is whether the facts alleged in the information are sufficient to show a legal divestiture of respondent's title to the office of county judge."

Then following a discussion showing the information filed by the relator to be insufficient, the opinion concludes:

"The information herein fails to state a cause of action, and the motion must be carried back, and sustained thereto, and the action dismissed."

The decision of this court in *Rockford Shoe Co. v. Jacob,* 6 Wash. 421, 33 Pac. 1057, is in harmony with this view, where judgment of dismissal was rendered against the maker of the motion, evidently upon the theory that such motion invited the court's final decision upon the record as then made. By our former decision, the case was disposed of largely upon the facts stated in the relator's petition, but not wholly so, the prosecuting attorney's answer to the petition being also looked to. In other words, the whole record was searched with a view of determining which party was entitled to final judgment as the record then stood.

We conclude that our former decision was a final disposition of the case against the contention of the relator, and that the superior court correctly entered a final judgment thereon and denied the relator's claimed right to reply and proceed to trial upon the issues sought to be raised by such reply.

The judgment is affirmed.