FIRST DEPARTMENT, MARCH, 1917.

GEORGE STEINHEIMER, an Infant, by HENRI STEINHEIMER, His Guardian ad Litem, Appellant, v. JOHN W. McKINNON, Respondent.

Appeal from a judgment dismissing the complaint after a trial at Trial Term.

PER CURIAM: The question of contributory negligence, taking into account the age, intelligence and experience of the infant plaintiff, should have been submitted to the jury. The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. Present — Clarke, P. J., Scott, Davis and Shearn, JJ. Judgment reversed, new trial ordered, costs to appellant to abide event.

———

SIDNEY M. TEETER, Respondent, v. ANNA K. DANIEL, Appellant.

*Appeal — defective notice — default judgment.*

Appeal from a judgment entered upon default.

PER CURIAM: The defendant appeals from a " trial " held on March 2, 1914. Of course such an appeal brings up nothing for review, but we assume that what defendant meant to do was to appeal from the " judgment " entered after the trial. Even so, however, the appeal brings up nothing which we can review. The judgment was entered on default and it is settled beyond question that such a judgment is not appealable. (Code Civ. Proc. § 1294; *First Nat. Bank* v. *Fleitmann*, 168 App. Div. 75; *Matter of Hotchkiss, No. 2*, 138 id. 877.) The appeal is dismissed, with ten dollars costs and disbursements. Present — Scott, Laughlin, Dowling, Smith and Davis, JJ. Appeal dismissed, with ten dollars costs and disbursements.

———

PHILIP A. KOBER, Appellant, v. WILLIAM G. LYLE, Respondent.

Appeal from an order denying the plaintiff's motion for judgment on the pleadings, sustaining defendant's demurrer and dismissing the complaint.

PER CURIAM: The plaintiff moved for judgment on the pleadings, consisting of an amended complaint and demurrer thereto. The defendant did not make a cross motion. It was not in accordance with the practice of this court as established by *Ventriniglia* v. *Eichner* (138 App. Div. 274) upon denial of plaintiff's motion, to enter an order as if the defendant had also moved. Therefore, the order appealed from should be modified by confining it to a denial of plaintiff's motion, leaving the defendant to make such motion as he may be advised; and as so modified affirmed, without costs. Present — Clarke, P. J., Laughlin, Dowling, Smith and Shearn, JJ. Order modified as stated in order, and as modified affirmed, without costs.