ALBERT F. WILSON, Appellant, v. GRANT BIRDSALL and Others, Respondents.

Third Department, November 12, 1919.

Pleading — practice — demurrer to complaint — motion by plaintiff for judgment on pleadings — denial of motion where demurrer well taken — denial of motion as disposing of demurrer — right of defendant after denial of plaintiff's motion for judgment to bring demurrer on for trial.

On a motion by the plaintiff for a judgment on the pleadings, made after a demurrer to the complaint has been served, with no counter-motion, the court on determining that the demurrer is well taken must deny the motion for judgment, and the defendant may then take such action in reference to. the demurrer as would be proper if the motion for judgment had not been made.

The denial of a motion for judgment on the pleadings made by the plaintiff after a demurrer has been interposed by the defendant does not affirmatively dispose of the demurrer.

Accordingly the defendant may, after the denial of the motion, bring the demurrer on for trial, and if the plaintiff fails to avail himself of the permission to amend his complaint given in an interlocutory judgment sustaining the demurrer, he is without remedy.

APPEAL by the plaintiff, Albert F. Wilson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Broome on the 3d day of June, 1919, dismissing the complaint, with notice of an intention to bring up for review on said appeal an order of said court entered in said clerk's office on the 30th day of January, 1919, denying plaintiff's motion for judgment on the pleadings, and also the interlocutory judgment of said court entered in said clerk's office on the 3d day of April, 1919, sustaining the demurrers of the defendants Birdsall to the plaintiff's complaint.

*Fremont F. Williams* and *Moe Goldstein,* for the appellant.

*George M. LePine,* for the respondents Birdsall.

*John Marcy, Jr.,* for the respondent city of Binghamton.

WOODWARD, J.:

This action was brought to set aside the redemption from a tax sale by the defendants Birdsall, the plaintiff being the holder of the tax certificate from which redemption was made. The defendants interpose separate demurrers on various grounds, relying principally upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The plaintiff served a notice of motion for judgment on the pleadings, which motion was denied. The defendants then served notice of trial on the demurrers, and interlocutory judgment was rendered in favor of the defendants, the plaintiff being given permission to amend his complaint upon the payment of costs. The plaintiff has failed to avail himself of this privilege, and appeals from the judgment on the theory that when his motion for judgment on the pleadings was denied the case was finally disposed of and there remained no issue to be tried. There does not appear to be any contention that the complaint states facts sufficient to constitute a cause of action.

We are unable to discover any reason for disturbing the judgment in this case. The practice is well established that upon a motion for judgment on the pleadings, with no counter-motion, the court, on determining that the demurrer is well taken, has no power except to deny the motion, leaving the defendant to take such action in reference to his demurrer as would be proper if the motion for judgment had not been made. (*Kober* v. *Lyle,* 177 App. Div. 903; *Ventriniglia* v. *Eichner,* 138 id. 274; *Wayte* v. *Bowker Chemical Co.,* 180 id. 568.) The denial of the motion for judgment on the pleadings does not affirmatively dispose of the demurrer, and we are of the opinion that the practice followed by the court is the correct one.

The judgment appealed from should be affirmed, with costs,

Judgment unanimously affirmed, with costs.