[No. 16871.  Department Two.  April 3, 1922.]

OSCAR DEAVER, *Respondent*, v. T. W. PATTERSON *et al.*, *Appellants.*[1]

PLEADINGS (145) — MOTIONS — JUDGMENT ON PLEADINGS — EFFECT. Plaintiff's motion for judgment on the pleadings admits not only the allegations of the adversary, notwithstanding a reply denying the same, but also admits the untruth of his own allegations that had been denied.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 31, 1921, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Gates & Helsell*, for appellants.

*H. A. Martin*, for respondent.

MAIN, J.—The purpose of this action is to quiet title to certain real property. The defendants responded to the complaint by an answer which contained admissions and denials and a cross-complaint in which they sought to have title quieted in themselves. The material allegations of the cross-complaint were denied

[1]Reported in 205 Pac. 1044.

by reply. With the issues in this shape the plaintiff made a motion for a judgment on the pleadings, which was overruled. The cause went to trial and resulted in a judgment sustaining the plaintiff's title, from which the defendants appeal.

The respondent had acquired title to the property by deed on the 14th day of May, 1910. The appellants claim title by reason of a sheriff's sale made after judgment in favor of the appellants and against one James Deaver. It is the contention of the appellants that James Deaver owned a beneficial interest in the property and that the respondent held the legal title for his benefit. The motion for judgment on the pleadings will be first considered.

The appellant contends that, by making the motion, the respondent waived his reply, and that, since the answer plead a good defense, he was entitled to judgment. The law with respect to a motion for judgment on the pleadings which is generally approved by the courts is well stated in 31 Cyc. 606, as follows:

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well pleaded facts in the pleadings of the opposing party, it may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it."

Under this rule, when the motion is made the court will consider the whole record and give judgment for the party who appears entitled thereto. The party making the motion for the purpose thereof admits not only the allegations of his adversary, but also the un-

truth of his own allegations that have been denied. Applying these rules, the respondent, when he made his motion, admitted the allegations of the cross-complaint and in effect, so far as his motion was concerned, waived the denials in his reply of the material matter in the cross-complaint. The cross-complaint, if the allegations were true, would entitle the appellants to prevail. The motion, therefore, could not be granted. Even though the allegations of the reply were waived, while considering the respondent's right to a judgment on the pleadings, it does not follow that, when the court considered whether the appellants were entitled to a judgment as the record then stood, they would be waived for that purpose. In considering the right of the appellants to prevail it would be necessary to give effect to all of the allegations of the respondent. If, when the respondent made his motion, his complaint had not stated a cause of action, then the court would have rendered judgment in favor of the defendant. The case chiefly relied on from this court by the appellant is that of the *State ex rel. Brown v. Superior Court,* 15 Wash. 314, 46 Pac. 232. In that case there was a petition and order to show cause and a return thereto. There was no reply to the return. The petitioner made a motion for judgment on the pleadings which was sustained. Upon appeal to this court, in *State ex rel. Murphy v. Brown,* 83 Wash. 100, 145 Pac. 69, the judgment was reversed. When the case returned to the superior court, the petitioner sought to reply to the return, and this was denied him. It was held upon the second appeal, *State ex rel. Brown v. Superior Court,* 87 Wash. 524, 151 Pac. 1126, that the trial court was right in denying the request to file a reply after the motion for judgment on the pleadings had been made and passed upon. That case differs

from this in that there there was no reply to the return at the time the motion for judgment was heard, while here a reply had been filed to the cross-complaint denying, as stated, the material allegations thereof.

Our attention has been directed to no case which holds that, where the plaintiff makes a motion and fails, the defendant is entitled to judgment when the complaint states a cause of action and the affirmative matter in the answer is denied by the reply.

Upon the merits, the trial court found that the respondent was the owner of the property and had been such owner since the 14th day of May, 1910, which was long prior to the time when the judgment was rendered upon which the sale took place and through which the appellants claim title. The evidence would not sustain a finding that the respondent held only the bare legal title and that the beneficial interest was in James Deaver, the judgment debtor of the appellants.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.