[No. 22046.   Department One.   April 15, 1930.]

YAKIMA HARDWARE COMPANY, *Appellant*, v. EMMA M. STRICKLER, *Respondent*.[1]

*Rigg & Brown* and *C. W. Halverson*, for appellant.

*M. M. Moulton* and *Charles L. Powell*, for respondent.

BEALS, J.—Plaintiff in its complaint alleged that Kennewick Hardware Company executed in plaintiff's favor a promissory note in the following form:

"$5,200.          Yakima, Washington, Oct. 8, 1925.

"We promise to pay to the order of YAKIMA HARDWARE COMPANY, at North Yakima, Washington, five thousand two hundred and no/100—dollars, payable in gold coin of the United States of America, with

[1]Reported in 286 Pac. 853.

interest thereon in like coin, from date until paid, at the rate of 8 per cent per annum. Said sums to be paid as follows: $300 Nov. 10th, 1925—$300 Jan. 10, 1926 and $300 on the 10th of each month thereafter until full amount and interest is paid. We further agree that if suit be brought to collect the same to pay the holder 10 per cent on above named sum as an attorney's fee in said cause. The maker and all indorsers hereof severally waive presentation for payment, protest and notice of protest of non-payment of this note.

"In case this note, being due, is put in an attorney's hands for collection, and is paid before suit is brought, we agree to pay . . . dollars as the collection fee thereon. And the maker and indorsers of this note severally waive and renounce any and all homestead or exemption rights and all appraisement or stay rights, privileges or benefits to which either of them may be entitled under the constitution and laws of the state of Washington, now existing or hereafter passed, as against this note and any renewals thereof or any process, judgment or execution entered or issued to collect the same;

"(Signed) KENNEWICK HARDWARE Co.

"W. H. Strickler,

"Pres.;"

and that defendant, being one of the stockholders of the maker of the note, indorsed the same in writing and guaranteed payment thereof. Plaintiff further alleged that certain payments had been made on the note and that, at the date of the verification of plaintiff's complaint, May 27, 1928, there was a balance due thereon in the sum of $1,892.04, payment of which had been demanded and for which amount plaintiff prayed for judgment against defendant. By her answer defendant admitted that she had indorsed the note and that payments had been made thereon, but denied that any demand for payment of the note had been made upon the maker thereof and by it refused. In her answer she affirmatively pleaded that she owned two

shares of the capital stock of the Kennewick Hardware Company and that she indorsed the note solely for the accommodation of that corporation, which fact was known to plaintiff at the time. That on May 2, 1927, Kennewick Hardware Company became involved in financial difficulties, and that on that date it entered into an agreement in writing with its creditors, the material portions of which are as follows:

"Kennewick, Washington,

"AGREEMENT entered into this 2nd day of May, 1927, between The Kennewick Hardware Company of Kennewick, Washington, and its several merchandise creditors, whereas the Kennewick Hardware Co. is at this time unable to meet its obligations, and it being to the advantage of all interested that the business should be continued as a going concern until such time as a sale of the merchandise stock and fixtures can be made, it is hereby agreed and understood between said Kennewick Hardware Company and its several creditors as shown by list included in this agreement, that on and after this date, the business of said Kennewick Hardware Company shall be operated as follows:

"The business is to continue under the present management of W. H. Strickler.

"From the cash proceeds of the business there shall be paid in order as follows:

"(1) All salaries and expenses of previous month.

"(2) All purchases of previous month shall be discounted on or before 15th of month.

"(3) Payment of at least 5% on the total of all claims listed as of April 1, 1927 shall be made on or before the 30th of each month beginning May 30, 1927 —it being agreed and understood that all present claims of $25 or less and all labor claims shall be paid in full as soon as possible.

"It is further agreed and understood that the expenses of the business shall be held down to the lowest possible outlay. Also that the total purchases of merchandise including freight shall be limited each month to an amount not exceeding 50% of the previous

month's cash receipts; that a weekly statement giving correctly the following information shall be furnished by the manager to W. A. Bell of the Yakima Hardware Company:

"(1) Showing amount of sales for the previous week.

"(2) Showing amount of total cash receipts for the previous week.

"(3) Showing amount of merchandise purchases.

"(4) Showing amounts paid out and to whom, during the previous week.

"It is also agreed that no payments of any nature or any amount shall be made other than those specified above without consent of W. A. Bell of the Yakima Hardware Company, acting for the creditors.

"It is further agreed and understood that should the Kennewick Hardware Company fail to perform any of the above conditions or fail to make any of the payments as called for in this agreement, that they will upon request of creditors representing 50% of their total indebtedness, as of April 1, 1927, give a bill of sale or assignment of all their assets for the benefit of all of the creditors as shown by this agreement, to such person as the said 50% of creditors may designate.

"It is also understood that all purchases of merchandise made during the life of this agreement shall be made only from the firms participating in this agreement and that no other purchases or indebtedness of any kind shall be incurred.

"It is also agreed that as long as the Kennewick Hardware Company shall faithfully respect all of the conditions of this agreement and shall make all payments as agreed each month, that the creditors signing this agreement will not start any action or require payments other than as shown by this agreement.

"The creditors participating in this agreement and their respective amounts due as of April 1 are as follows: . . .

"Yakima Hardware Company     Yakima     $6,390.18

. . .

"All amounts listed above are to bear interest at the rate of eight per cent (8%) per annum, after April 1, 1927.                  Kennewick Hardware Company
                    "I. N. Mueller (signed)
                              "Pres.
                    "W. H. Strickler (signed)
"Accepted by                              "Secy.
"Great Western Stove Co.
"Eugene Burt Treas.

"The original of above agreement signed by Kennewick Hardware Company is held by W. A. Bell of the Yakima Hardware Company, Yakima, Washington."

That on September 24, 1927, the hardware company, upon demand of plaintiff, entered into the following written agreement with W. A. Bell, an officer of plaintiff:

                    "Kennewick, Washington,
                              "Sept. 24th, 1927.

"In accordance with an agreement entered into on the second day of May, 1927, between The Kennewick Hardware Company of Kennewick, Washington, and its several merchandise creditors, whereby the Kennewick Hardware Company agreed to make certain payments on the 30th of each month, applying on the several accounts of its merchandise creditors, and whereby it is impossible for the Kennewick Hardware Company to conform with the terms of this agreement, the said Kennewick Hardware Company does now set over and assign for the benefit of all of the creditors listed in the above agreement, to W. A. Bell, acting as trustee for the several creditors, all of the assets of the Kennewick Hardware Company, consisting of merchandise, furniture and fixtures, accounts and bills receivable, and cash on hand; and said W. A. Bell, trustee, is hereby authorized to sell to the best advantage possible all of said merchandise and fixtures and collect all outstanding accounts and bills receivable and disburse the proceeds of same pro rata to the several creditors as covered by the agreement of May 2nd, 1927—it being understood that all current claims or

indebtedness incurred since the second day of May, 1927, together with any or all labor claims, shall be paid first out of the proceeds of such sale, and the balance be distributed as provided.

"KENNEWICK HARDWARE COMPANY,
"I. N. Mueller (Pres.)
"W. H. Strickler (Secy.)"

Defendant further alleged that, pursuant to the last agreement, all of the assets of the hardware company, together with full management and control thereof, were surrendered to W. A. Bell and were disposed of by him for the hardware company's creditors. That, prior to the execution of the last mentioned agreement and the surrender of the assets of the hardware company thereunder, it was agreed between plaintiff and the hardware company that, if the hardware company would sign the agreement and surrender its assets, the same would be accepted as full payment and discharge of all the liabilities of the hardware company, and that the agreement was entered into and carried out by that company pursuant to such agreement. Defendant further alleged that, in entering into the agreements of May 2 and September 24, 1927, the hardware company "acted without the knowledge, consent or approval of this defendant."

By its reply, plaintiff denied that the note upon which it sued was indorsed by defendant solely for the accommodation of the hardware company or that such indorsement was without consideration. Plaintiff admitted the execution of the agreement dated May 2, 1927, and also that of September 24, 1927, and that, pursuant to the September agreement, W. A. Bell took possession of the assets of the hardware company. Plaintiff denied the other allegations set forth in the affirmative defense contained in defendant's answer.

Defendant then moved the court for judgment in her

favor on the pleadings, basing her motion upon the ground that the allegations and admission contained therein established conclusively that, if the defendant had been at any time liable to plaintiff on the note set forth in plaintiff's complaint, defendant had been fully and completely released and discharged from such liability by the acts or omissions of plaintiff.

After argument the trial court granted defendant's motion, and later, pursuant to its ruling thereon, entered judgment dismissing the action, from which judgment of dismissal plaintiff appeals.

Appellant assigns error upon the ruling of the trial court granting respondent's motion for judgment on the pleadings, upon the entry of judgment dismissing the action, and upon the failure of the court to grant judgment upon the pleadings in appellant's favor.

By making a motion for judgment in his favor upon the pleadings, the moving party admits not only the truth of the allegations of his opponent, but also admits the untruth of such of his own allegations as stand denied. *Deaver v. Patterson,* 119 Wash. 375, 205 Pac. 1044.

It is therefore evident that, by making a motion for judgment in her favor upon the pleadings, respondent admitted the untruth of the allegations contained in the affirmative defense set forth in her answer to the effect that, in entering into the agreements therein pleaded between appellant and the Kennewick Hardware Company, such action was taken without respondent's knowledge, consent or approval.

Under these circumstances, the trial court erred in granting respondent's motion, as without such allegations, as affirmatively pleaded in her answer, no defense, under Rem. Comp. Stat., § 3510, which reads as follows:

"A person secondarily liable on the instrument is

discharged . . . 6. By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved,''

would be available to respondent.

Appellant contends that, upon the record before us, this court should direct the lower court to enter judgment in its favor.

While it is true that a motion for judgment on the pleadings made by one party to an action invites the court to consider the whole record and give judgment for either party who, on the face of such record, appears entitled thereto (31 Cyc. 606), we do not find that upon the record before us appellant is entitled to a directed judgment in its favor.

We leave any questions as to the legal effect of the contracts pleaded to be determined by the trial court from the evidence as it may appear upon the trial.

The judgment appealed from is reversed with directions to the trial court to overrule respondent's motion for judgment in her favor upon the pleadings.

MITCHELL, C. J., MILLARD, TOLMAN, and PARKER, JJ., concur.