[No. 25275. Department One. May 2, 1935.]

THE STATE OF WASHINGTON, *on the Relation of the Department of Public Works, Respondent,* v. SKAGIT RIVER NAVIGATION & TRADING COMPANY, *Appellant.*[1]

*Kerr, McCord & Carey,* for appellant.

*The Attorney General* and *Don Cary Smith, Assistant,* for respondent.

GERAGHTY, J.—The department of public works, as plaintiff, filed its petition in the superior court of Thurston county, alleging that the defendant, Skagit River Navigation & Trading Company, owning and

[1]Reported in 45 P. (2d) 27.

operating vessels as a common carrier on the navigable waters of the state of Washington, had violated its tariffs and rate schedules, being thereby guilty of unjust discriminations and unreasonable preferences in the manner detailed in the petition. In support of the charges against the defendant, the petition set forth numerous instances, occurring in the course of a period of about fifteen months preceding the filing of the petition, where the navigation company had charged less than its published tariff schedules, or had made incorrect billings, for commodities carried by it. After the recital of specific past violations, the petition alleged that, unless restrained by the court, the navigation company would continue to conduct its business in the manner theretofore set forth in the petition, in violation of the laws of the state and the rules and regulations of the department.

In its amended answer to the petition, served as the court was about to proceed with the trial, the defendant admitted the departures from its published tariff schedules as alleged in the petition. As to most of its admitted violations, the defendant pleaded mistake or inadvertence, and alleged that, wherever necessary, corrective steps had been taken by it. As to the remaining transactions complained of, it alleged that they had relation to shipments in interstate commerce and were without the jurisdiction of the department. The defendant denied all allegations of the petition not specifically admitted.

Upon service of the amended answer, the plaintiff moved for judgment upon the pleadings. The motion was granted, and a judgment entered permanently enjoining the defendant

" . . . from conducting or continuing to conduct its business, contrary to the Public Service Laws of the state of Washington, as follows: In violating its tariff on file with the Washington Department of

Public Works; contrary to section 10354, Remington's Revised Statutes of the state of Washington; and violating section 10359, Remington's Revised Statutes by false billing of shipments in the manner set forth in the petition herein.''

The defendant appeals.

The proceeding is brought under Rem. Rev. Stat., § 10442 [P. C. § 5620], the part material here being as follows:

''Whenever the commission shall be of opinion that any public service company is failing or omitting, or about to fail or omit, to do anything required of it by law, or by order, direction or requirement of the commission, or is doing anything, or about to do anything, or permitting anything, or about to permit anything to be done contrary to or in violation of law or of any order, direction or requirement of the commission authorized by this act, it shall direct the attorney general to commence an action or proceeding in the superior court of the state of Washington for Thurston county or in the superior court of any county in which such company may do business, in the name of the state of Washington on the relation of the commission, for the purpose of having such violations or threatened violations stopped and prevented, either by mandamus or injunction.''

The contention of the appellant is that, since the motion for judgment upon the pleadings was an admission of the allegations of its amended answer, which exculpated it of any intentional wrongdoing in the past transactions referred to in respondent's petition and disclaimed any purpose to violate the law in the future, there was no justification for the issue of the permanent injunction.

■ This court has adopted the definition of the nature and effect of a motion for judgment on the pleadings, as found in 31 Cyc. 606:

'' 'A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a

motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well pleaded facts in the pleadings of the opposing party, it may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it'." *State ex. rel. Brown v. Superior Court,* 87 Wash. 524, 151 Pac. 1126.

In *Yakima Hardware Co. v. Strickler,* 156 Wash. 369, 286 Pac. 853, it is said:

"By making a motion for judgment in his favor upon the pleadings, the moving party admits not only the truth of the allegations of his opponent, but also admits the untruth of such of his own allegations as stand denied."

When, therefore, the respondent made its motion, it not only admitted appellant's exculpation of itself by the explanations of its answer, but also the untruth of its own allegation, denied by appellant, that, unless enjoined, it would conduct its business in the manner theretofore set forth in the petition, that is to say, continue the violation of its tariff schedules and the statute and rules of the department. When the motion was made, it became the duty of the court to consider the whole record and give judgment for the party who appeared entitled thereto. *Deaver v. Patterson,* 119 Wash. 375, 205 Pac. 1044. Upon the pleadings, the judgment should have been granted to the appellant.

The purpose of an injunction is not to punish for past transactions, but to restrain present or future acts.

"Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent

them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction, and the party aggrieved must seek some other remedy for redress, which is ordinarily an action at law for damages. Especially is the rule applicable where there is no showing that such action is being continued or repeated, or that defendant is threatening or intending to repeat the injury." 32 C. J. 45, § 24.

"A suit for an injunction deals primarily, not with past violations, but with threatened future ones." *Swift & Co. v. United States,* 276 U. S. 311, 48 S. Ct. 311.

"The law [Sherman Anti-Trust Act] has been upheld, and therefore we are bound to enforce it notwithstanding these difficulties. On the other hand, we equally are bound by the first principles of justice not to sanction a decree so vague as to put the whole conduct of the defendants' business at the peril of a summons for contempt. We cannot issue a general injunction against all possible breaches of the law." *Swift & Co. v. United States,* 196 U. S. 375, 25 S. Ct. 276.

The last quotation is peculiarly applicable here, where it is sought by a permanent injunction to place the future course of business of the appellant at the hazard of summary contempt proceedings for any casual act which may be thought a violation of law.

Violations of the public service law are punishable as misdemeanors, by fine and imprisonment. While this fact will not of itself be ground for denying an injunction under § 10442, the use of the summary provisions of that section should be invoked only in cases falling strictly within its letter. A reading of the section clearly indicates that it is intended to restrain an existing or a threatened specific violation. It can not be used as a corrective for past abuses nor to enjoin a future general course of conduct.

The judgment is to be tested by the technical construction of the pleadings invited by the respondent's motion, and no presumptions are to be indulged in its favor.

The judgment is reversed, with direction to dismiss the action.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.