[No. 25526. *En Banc.* June 2, 1936.]

Tue State of Washington, *Appellant,* v. Newton Vinther, *Respondent.*[1]

*The Attorney General* and *V. D. Bradeson* (of counsel), for appellant.

*Danson, Lowe & Danson,* for respondent.

## On Rehearing.

Per Curiam.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein and reported in 183 Wash. 350, 48 P. (2d) 915.

Beals, J. (dissenting)—In the Departmental opinion, 183 Wash. 350, 48 P. (2d) 915, to which the majority adheres, it was held that the trial court had erred in granting the motion made by the defendant (respondent here) for judgment of dismissal upon the pleadings. The Department held that the defendant's affirmative defense, to which the plaintiff had not replied, and which the court held good as against a demurrer, stated no defense in law, and that the trial court had erred in ruling to the contrary.

In the last paragraph of the opinion, the trial court is directed to enter judgment on the pleadings in plaintiff's favor for the amount sued for. After the filing of the opinion, a rehearing was granted, which has resulted in the entry of the preceding order. Deeming one matter in connection with this case important, I feel constrained to state my reasons for disagreeing with a portion of the opinion. I am in entire accord with the opinion, save the last paragraph thereof, which directs that judgment on the pleadings be entered in favor of the plaintiff (the appellant here). My view is that the cause should be remanded, not with instructions to enter judgment on the pleadings in appellant's favor, but with instructions to proceed with the trial upon the remaining issues as presented by the pleadings.

For a complete statement of the questions presented, reference is made to the Departmental opinion..

It will be remembered that appellant (the state) sued Mr. Vinther (respondent) to recover the amount which the state had paid under the workmen's compensation law to the widow of one

[1]Reported in 58 P. (2d) 357.

McNaught Davis for her benefit and for the benefit of her minor children who were under sixteen years of age. Vinther answered the complaint, admitting some of the allegations therein contained and denying others, particularly that his negligence caused the collision which resulted in Mr. Davis' death. He also pleaded two affirmative defenses: First, that Mrs. Davis, as administratrix of the estate of her deceased husband, had sued respondent for the benefit of her son who was over the age of sixteen years and therefore without the purview of the workmen's compensation act, that Mrs. Davis had recovered judgment in this action against respondent, and that the judgment had been paid; second, that Mr. Davis' own negligence materially contributed to the accident which resulted in his death.

Plaintiff demurred to each of the two affirmative defenses, the demurrer having been overruled by the trial court. Appellant then replied to the second affirmative defense, in which contributory negligence was pleaded, denying the allegations thereof, but failed to reply to the affirmative defense which pleaded the suit brought by Mrs. Davis for the benefit of her sixteen-year-old son.

The case then stood on the pleadings with the allegations of one of the defendant's affirmative defenses denied by a reply; the allegations of the other affirmative defense standing undenied, which in law, of course, amounted to an admission of the truth of the facts pleaded.

Rem. Rev. Stat., § 278 [P. C. § 8365], reads as follows:

"If the answer contain a statement of new matter constituting a defense or counterclaim, and the plaintiff fail to reply or demur thereto within the time prescribed by law, the defendant may move the court for such judgment as he is entitled to on the pleadings, and if the case require it, he may have a jury called to assess the damages."

With the pleadings in this condition, the defendant (respondent here), under the statute quoted, naturally moved for judgment of dismissal upon the pleadings. The plaintiff made no motion for judgment in its favor on the pleadings. The court had held that defendant's affirmative defense stated facts sufficient to constitute a defense, and the plaintiff had, by failing to reply to the affirmative defense, admitted the truth of the allegations therein contained. The fact that defendant had also pleaded contributory negligence as a defense was, for the time being, immaterial, as one affirmative defense, if admitted and if good in law, was sufficient to defeat the action.

The trial court, having held that the undenied affirmative defense stated a defense, naturally granted respondent's motion to dismiss, as under such circumstances a trial would be a useless waste of time and money. Now, upon appeal, this court holding that the trial court erred in ruling that the undenied affirmative de-

fense stated facts sufficient to constitute a defense, I am of the opinion that the cause should be remanded for a trial upon the issues as now made up by the pleadings.

The law governing the practice to be followed in ruling upon a motion for judgment on the pleadings appears to be confused. In this state, with the exception of the statute above quoted, we have no particular law or rule of practice applicable to the question now under consideration. Motions for judgment on the pleadings are divided into two basic classes: First, where both parties move for judgment on the pleadings; second, where the motion is made by only one party. Generally speaking, when each party moves for such a judgment, the court should decide the case on the pleadings in favor of one party or the other. In the second case, such a result may or may not follow.

In the case at bar, if the sole issue of fact raised by the pleadings before the court had been the sufficiency of respondent's affirmative defense pleading the action by the mother for the benefit of her son who was over sixteen years of age, on defendant's motion for judgment of dismissal on the pleadings the trial court might properly have rendered judgment either for plaintiff or defendant, depending upon its opinion as to the legal sufficiency of the defense pleaded. But under the pleadings, the case does not present such a situation. By his answer, respondent had denied any negligence on his part, and by way of an affirmative defense had pleaded contributory negligence on the part of the deceased.

While under the workmen's compensation act the widow was entitled to receive from the state the payments which she did receive, whether her deceased husband had been negligent or not, if respondent had not been negligent or if Mr. Davis had been guilty of contributory negligence, respondent in the pending action was entitled to the judgment of the trier of the facts upon those questions before he could be held liable to reimburse the state, as the state's claim against respondent is no different or greater than Mrs. Davis' would have been had she sued respondent. The pleadings in the case, then, contained joined issues of fact entirely independent of any question as to the sufficiency of the unreplied-to affirmative defense, as matter of law. That was the first question to be determined, but if that question should be decided against respondent, the other questions remained.

The question now under discussion involves merely a rule of practice, and this court may properly decide the question in accordance with its opinion as to the best rule of practice applicable to such a situation.

The modern tendency is to veer away from technical rules of pleading under which actions were often decided upon questions which had little to do with the merits of the controversy. With this modern tendency, this court has been in accord.

In the case of *Davis v. Ford*, 15 Wash. 107, 45 Pac. 739, 46 Pac. 393, this court referred to a situation bearing some resemblance to that now before us. The defendant had made a motion for judgment on the pleadings, which the trial court had denied, and on appeal the defendant contended that the motion should have been granted. In connection with this phase of the case, this court said:

"The motion for judgment on the pleadings was, we think, properly denied. If the motion to strike out the reply had prevailed the plaintiff would have been entitled, in the discretion of the court and upon just terms, to file a new pleading. It is only in cases where no reply whatever has been filed to the affirmative matter in the answer that judgment on the pleadings is authorized by the code, and not where a reply has actually been filed and found to be insufficient in law."

In its ruling upon this phase of the case, this court considered § 278, above quoted, and the situation suggested by the court is similar to that here presented.

In the case of *State ex rel. Brown v. Superior Court*, 87 Wash. 524, 151 Pac. 1126, it was held that a motion for an order directing the return of money held by the prosecuting attorney, which motion was based upon the petition, the order to show cause based thereon, and the return thereto, amounted to a motion for judgment on the pleadings, and that a petitioner making such a motion, upon denial thereof, must be held to have waived his right to subsequently reply to affirmative matter contained in the return or answer. The holding in the case cited is not controlling here, as no party to this action is seeking to file any further pleading, respondent simply contending that the cause proceed upon the pleadings as already made up.

In the case of *Duteau v. Dresbach*, 113 Wash. 545, 194 Pac. 547, 16 A. L. R. 1430, this court affirmed a judgment rendered in favor of the defendant on the pleadings, holding that, considering all of the pleadings, it plainly appeared that the contract sued upon, even if in fact made, was against public policy and void. Under the facts, the case is not particularly in point here, but should be noted in connection with any discussion of the question before us.

The case of *Deaver v. Patterson*, 119 Wash. 375, 205 Pac. 1044, is in point here, as in that case there was considered a question very closely parallel to that presented by the case at bar. The plaintiff sued to quiet title to real property. Defendants answered, admitting some of the allegations of the complaint and denying others, and filed a cross-complaint in which they sought to quiet their own title as against plaintiff. The material allegations of the cross-complaint were denied by a reply. At this stage of the proceedings, plaintiff moved for judgment on the pleadings, his motion being denied. After a trial, the court rendered a decree quieting plaintiff's title, from which the defendants appealed, contending, among other things, that judgment on the pleadings should have

been rendered in their favor. The appellants contended that, by moving for judgment on the pleadings, the respondent (plaintiff) waived his reply, and that, since the answer and cross-complaint pleaded a good defense and ground for relief, the appellants (defendants) were entitled not only to the denial of plaintiff's motion but to the entry of judgment in their favor. This court, after quoting from Cyc. (which quotation will be hereinafter discussed), said:

"Under this rule, when the motion is made the court will consider the whole record and give judgment for the party who appears entitled thereto. The party making the motion for the purpose thereof admits not only the allegations of his adversary, but also the untruth of his own allegations that have been denied. Applying these rules, the respondent, when he made his motion, admitted the allegations of the cross-complaint and in effect, so far as his motion was concerned, waived the denials in his reply of the material matter in the cross-complaint. The cross-complaint, if the allegations were true, would entitle the appellants to prevail. The motion, therefore, could not be granted. Even though the allegations of the reply were waived, while considering the respondent's right to a judgment on the pleadings, it does not follow that, when the court considered whether the appellants were entitled to a judgment as the record then stood, they would be waived for that purpose. In considering the right of the appellants to prevail it would be necessary to give effect to all of the allegations of the respondent. If, when the respondent made his motion, his complaint had not stated a cause of action, then the court would have rendered judgment in favor of the defendant. The case chiefly relied on from this court by the appellant is that of the *State ex rel. Brown v. Superior Court*, 15 Wash. 314, 46 Pac. 232. In that case there was a petition and order to show cause and a return thereto. There was no reply to the return. The petitioner made a motion for judgment on the pleadings which was sustained. Upon appeal to this court, in *State ex rel. Murphy v. Brown*, 83 Wash. 100, 145 Pac. 69, the judgment was reversed. When the case returned to the superior court, the petitioner sought to reply to the return, and this was denied him. It was held upon the second appeal, *State ex rel. Brown v. Superior Court*, 87 Wash. 524, 151 Pac. 1126, that the trial court was right in denying the request to file a reply after the motion for judgment on the pleadings had been made and passed upon. That case differs from this in that there there was no reply to the return at the time the motion for judgment was heard, while here a reply had been filed to the cross-complaint denying, as stated, the material allegations thereof.

"Our attention has been directed to no case which holds that, where the plaintiff makes a motion and fails, the defendant is entitled to judgment when the complaint states a cause of action and the affirmative matter in the answer is denied by the reply."

In the case at bar, respondent, although defendant in the action, in so far as his affirmative defenses were concerned, bore the burden of proof. He then had an affirmative pleading undenied by the opposing party. This court is denying his motion for judgment on the pleadings, holding that the affirmative defense upon which he relied fails to state facts sufficient to constitute a defense. The

case cited, then, is authority for the refusal of this court to go further and, upon denial of respondent's motion for judgment on the pleadings, grant appellant judgment, as, after striking out the affirmative defense to which no reply had been filed, there still remains on behalf of respondent another affirmative defense, good in law, to which a reply has been made.

This court, in the case of *Miller v. Paul*, 155 Wash. 193, 283 Pac. 699, held that a demurrer interposed by defendants to a complaint as altered and amended by a reply to an affirmative defense contained in the answer was, in effect, a motion for judgment on the pleadings, and that an analysis of the pleadings disclosed that no issue of material fact was presented thereby. This being true, judgment was properly rendered on the pleadings as matter of law. In the case at bar, issues of fact have been joined and are presented by the pleadings, and the case cited is, for this reason, not here in point.

In the case of *Yakima Hardware Co. v. Strickler*, 156 Wash. 369, 286 Pac. 853, this court reversed a judgment rendered on the pleadings in defendant's favor dismissing an action on a promissory note. The answer pleaded an affirmative defense, to which the plaintiff replied with denials of some of the allegations therein contained. The defendant moved for judgment of dismissal on the pleadings, contending that the allegations and admissions contained therein conclusively established that defendant had been released from liability upon the note sued upon, which motion the trial court granted. This court, stating that, by her motion, the defendant admitted the untruth of the allegations contained in her affirmative defense, which were denied by the reply, held that the trial court erred in granting the motion, as without the allegations as affirmatively pleaded by defendant, the defense relied on by the defendant was not available to her. The plaintiff, as in the case at bar, contended that, upon the record, this court should direct the lower court to enter judgment upon the pleadings in plaintiff's favor. This court refused to direct such action, holding that, upon the record, plaintiff was not entitled to judgment on the pleadings, even though the defendant had moved for such a judgment and was not entitled thereto. The cause was remanded simply with directions to overrule defendant's motion for judgment in her favor upon the pleadings and proceed from that point.

In the late case of *State ex rel. Department of Public Works v. Skagit River etc. Co.*, 181 Wash. 642, 45 P. (2d) 27, this court reversed the judgment rendered on the pleadings in plaintiff's favor and directed the trial court to dismiss the action. The plaintiff had filed its petition, alleging that the defendant had disregarded its rate schedules and been guilty of granting certain of its patrons unreasonable preferences. By its answer, the defendant admitted that it had departed from its published tariff schedules, as alleged

in the petition, pleading, in mitigation, mistake or inadvertence and that corrective steps had been taken. As to other transactions, it alleged that they related to shipments in interstate commerce and were without the departmental jurisdiction. All other allegations of the petition were denied. Upon service of this answer, plaintiff moved for judgment upon the pleadings, which motion the trial court granted, entering a decree permanently enjoining the defendant from continuing to conduct its business in such manner as to violate the laws of the state.

On appeal, the appellant (defendant) contended that, since the plaintiff's motion for judgment upon the pleadings was an admission of the truth of allegations of its amended answer, in which it denied any intentional wrongdoing and disclaimed any intention to violate the law in the future, no permanent injunction should have been issued. This court quoted from its prior opinions in the cases of *State ex rel. Brown v. Superior Court, supra*, and *Yakima Hardware Co. v. Strickler, supra*, and held that by making its motion the plaintiff not only admitted the truth of defendant's explanation of its conduct as pleaded in its answer, but also the untruth of its own allegations, denied by the defendant, to the effect that the defendant would continue to conduct its operations in violation of law. The question was before the trial court and before this court simply upon a complaint and an answer. The court discussed the purposes of an injunction and cited authorities to the effect that, upon the facts as disclosed by the pleadings, a permanent injunction should not have been entered. The court held that the judgment appealed from was to be decided by the technical construction of the pleadings invited by the plaintiff's motion, and that no presumptions were to be indulged in favor of the judgment, which was reversed with directions to dismiss the action.

The case cited differs from the case now before us, as we have here an entirely independent issue of fact which had nothing to do with the affirmative defense, which, being unreplied to, the trial court held entitled the respondent here to judgment of dismissal upon the pleadings. To extend the rule, as accomplished by the Departmental opinion, to such a case as this would, in my opinion, be unwarranted and inadvisable, and would place technicalities above substance.

In the early case of *Rockford Shoe Co. v. Jacob*, 6 Wash. 421, 33 Pac. 1057, it appeared that the trial court had granted plaintiff's motion for judgment on the pleadings, from which the defendant appealed. The action was for goods sold, the complaint alleging that the purchase price became due February 1, 1892. The action was commenced February 25, 1892, and the defendant in his answer affirmatively alleged that the plaintiff had, prior to the commencement of the action, extended the time of payment for the merchan-

dise to April 1, 1892. To this affirmative defense, plaintiff replied as follows:

"That plaintiffs admit that they extended the time for payment of the said goods to April 1, 1892, making the same due and payable at said time. Wherefore plaintiffs pray for judgment against defendant in the sum named in complaint, and that the costs of this action be taxed to plaintiffs."

The plaintiff contended that, as the affirmative defense did not allege that the extension had been granted at the time of purchase, or upon sufficient consideration at any time thereafter, the affirmative plea was insufficient to constitute a defense, and. that, by admitting the truth thereof, the plaintiff merely admitted it for what it was worth.

This court properly held that, while the affirmative defense might have been obnoxious to a motion to make more definite and certain, plaintiff, in view of its reply, could not be heard to contend that the extension was void for want of consideration, and that, upon the pleadings as made up, judgment should have been rendered for the defendant instead of for the plaintiff. The court, however, in directing that such judgment be entered, took care to state that the judgment should be without prejudice. In the case cited, manifestly, upon the pleadings as a whole, the defendant was entitled to judgment, no issue of fact appearing therein.

Some of the texts and cases from other jurisdictions are of interest. In 49 C. J., title "Pleading," p. 670, § 947, appears the following:

"On a motion for judgment on the pleadings, the complaint must be searched as on demurrer; and, according to the prevailing rule, the motion may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it. It is wholly immaterial upon whom rests the burden of proof."

This text was quoted by this court in the case of *Deaver v. Patterson, supra,* although the principle therein stated was not deemed applicable to the facts of that case.

In 49 C. J., the same title, p. 779, § 1140, we find the following:

"In the absence of statutes or rules so permitting, ordinarily judgment cannot be entered for defendant on plaintiff's motion for judgment on the pleadings, the court being empowered to do no more than grant or deny plaintiff's motion. But even though the motion is brought on by plaintiff, judgment may be rendered for defendant where plaintiff brings on for trial the issues of law in the complaint and demurrer, or where he refuses to plead further after his demurrer to the answer has been overruled. Under a rule of practice providing that, if either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion, the court may grant judgment on the pleadings to defendant, although the motion was made by plaintiff."

As in this state we have no statute or rule of practice bearing upon the question of a motion for judgment on the pleadings (save the statute above quoted), the text last quoted indicates that, in the situation here presented, this court, holding as it does that the trial court improperly granted respondent's motion, should do no more than remand the case for trial upon the issues of fact as made up in the pleadings.

In the case of *Wilson v. Birdsall*, 189 App. Div. 398, 178 N. Y. S. 651, the court said:

"The practice is well established that, upon a motion for judgment on the pleadings, with no counter-motion, the court, on determining that the demurrer is well taken, has no power except to deny the motion, leaving the defendant to take such action in reference to his demurrer as would be proper if the motion for judgment had not been made."

In the case of *Fosmire v. National Surety Co.*, 229 N. Y. 564, 128 N. E. 130, the court of appeals of New York held that the trial court had erred when, after properly denying plaintiff's motion for judgment on the pleadings, it went further and dismissed the complaint, no motion for judgment having been made by the defendant.

The case of *Rieser v. L. Prager, Inc.*, 157 N. Y. S. 118, is to the same effect.

Examination of our own cases and of the authorities generally convinces me that, under the statutes of this state and the rules of practice here in force, this court should not, upon the record before us, direct the trial court to grant judgment upon the pleadings in appellant's favor.

I accordingly dissent from so much of the opinion as directs the entry of judgment on the pleadings in favor of the state.

TOLMAN and BLAKE, JJ., concur with BEALS, J.