[No. 23060. Department One. August 22, 1931.]

YAKIMA HARDWARE COMPANY, *Appellant*, v. EMMA M. STRICKLER, *Respondent*.[1]

[1]Reported in 2 P. (2d) 90.

156

*Rigg, Brown & Halverson,* for appellant.
*Moulton & Powell,* for respondent.

MITCHELL, J.—This is the second appeal in this case. A full statement of the pleadings and of the contracts involved may be found in the opinion on the other appeal, 156 Wash. 369, 286 Pac. 853. On that appeal, it was held that the trial court erroneously granted defendant's motion for judgment on the pleadings, and the case was remanded with directions to the trial court to determine from the evidence the rights of the parties under the contracts pleaded. Upon this trial, the court has entered findings, conclusions and judgment in favor of the defendant. The plaintiff has appealed.

On October 8, 1925, the Kennewick Hardware Company, a corporation, for value received, executed its promissory note in the sum of $5,200, payable in particular amounts at specified dates, bearing interest at eight per cent per annum, endorsed in blank by the respondent, Emma M. Strickler, the owner of two shares of stock of the Kennewick Hardware Company, and delivered the note thus endorsed to the appellant, who thereafter continued to own and hold it. Thereafter, from time to time, until March, 1927, payments were made on the principal and interest of the note in the total sum of $900.

On May 2, 1927, the Kennewick Hardware Company entered into a written contract with its several merchandise creditors, in order to continue as a going concern to be operated from that day under its present management of W. H. Strickler, as follows:

"Kennewick, Washington,

"AGREEMENT entered into this 2nd day of May, 1927, between The Kennewick Hardware Company of Kennewick, Washington, and its several merchandise creditors, whereas the Kennewick Hardware Co. is at this time unable to meet its obligations, and it being to the advantage of all interested that the business should be continued as a going concern until such time as a sale of the merchandise stock and fixtures can be made, it is hereby agreed and understood between said Kennewick Hardware Company and its several creditors as shown by list included in this agreement, that on and after this date, the business of said Kennewick Hardware Company shall be operated as follows:

"The business is to continue under the present management of W. H. Strickler.

"From the cash proceeds of the business there shall be paid in order as follows:

"(1)  All salaries and expenses of previous month.

"(2)  All purchases of previous month shall be discounted on or before 15th of month.

"(3)  Payment of at least 5% on the total of all claims listed as of April 1, 1927 shall be made on or before the 30th of each month beginning May 30, 1927—it being agreed and understood that all present claims of $25 or less and all labor claims shall be paid in full as soon as possible.

"It is further agreed and understood that the expenses of the business shall be held down to the lowest possible outlay. Also that the total purchases of merchandise including freight shall be limited each month to an amount not exceeding 50% of the previous month's cash receipts; that a weekly statement giving correctly the following information shall be furnished by the manager to W. A. Bell of the Yakima Hardware Company:

"(1)  Showing amount of sales for the previous week.

"(2)  Showing amount of total cash receipts for the previous week.

"(3)  Showing amount of merchandise purchases.

"(4)  Showing amounts paid out and to whom, during the previous week.

"It is also agreed that no payments of any nature or any amount shall be made other than those specified above without consent of W. A. Bell of the Yakima Hardware Company, acting for the creditors.

"It is further agreed and understood that should the Kennewick Hardware Company fail to perform any of the above conditions or fail to make any of the payments as called for in this agreement, that they will upon request of creditors representing 50% of their total indebtedness, as of April 1, 1927, give a bill of sale or assignment of all their assets for the benefit of all of the creditors as shown by this agreement, to such person as the said 50% of creditors may designate.

"It is also understood that all purchases of merchandise made during the life of this agreement shall be made only from the firms participating in this agreement and that no other purchases or indebtedness of any kind shall be incurred.

"It is also agreed that as long as the Kennewick Hardware Company shall faithfully respect all of the conditions of this agreement and shall make all payments as agreed each month, that the creditors signing this agreement will not start any action or require payments other than as shown by this agreement.

"The creditors participating in this agreement and their respective amounts due as of April 1 are as follows:  . . .

"Yakima Hardware Company     Yakima     $6,390.18
.     .     .     .     .     .     .     .     .     .

"All amounts listed above are to bear interest at the rate of eight per cent (8%) per annum, after April 1, 1927.

"Kennewick Hardware Company
"I. N. Mueller          (signed)
"Pres.
"W. H. Strickler          (signed)
"Secy.

"Accepted by
"Great Western Stove Co.
"Eugene Burt Treas.

"The original of above agreement signed by Kennewick Hardware Company is held by W. A. Bell of the Yakima Hardware Company, Yakima, Washington.''

The Kennewick Hardware Company failed to make payments as provided by the contract, and conveyed its stock of merchandise to certain of its creditors, including the appellant, who failed to realize enough from the stock to pay their several claims. Thereupon, the Yakima Hardware Company brought this suit against Emma M. Strickler, on her endorsement of the note of October 8, 1925, to recover the balance due on it.

Her defense, so far as the present appeal is concerned, arises upon the facts proven to the satisfaction of the trial court, and upon Rem. Comp. Stat., § 3510, subd. 6, as follows:

"A person secondarily liable on the instrument is discharged— . . .

"6. By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."

The assignments of error are: (1) The trial court erred in finding that the contracts were a valid extension of time for a consideration so as to relieve the respondent of her liability as an endorser. (2) The trial court erred in dismissing this action. (3) The trial court erred in not granting to the appellant judgment for the amount sued for together with attorneys' fees and costs.

There can be no doubt, under the evidence, that the contract of May 2, 1927, was entered into without the knowledge or assent of Mrs. Strickler; nor can there be any doubt of the fact, under the evidence, that, in entering into that contract, the right of recourse against her was not expressly reserved.

The principal argument on behalf of appellant is that, under the statute, an agreement binding on the

holder to extend the time of payment or to postpone the holder's right to enforce the instrument, so as to discharge a person secondarily liable, must be an agreement supported by a valuable consideration, and, at the same time, must be for a definite time, citing *Cape Charles Bank v. Farmers Mutual Exchange*, 120 Va. 771, 92 S. E. 918; Daniel on Negotiable Instruments (6th ed.), Vol. 2, p. 1479, evidence of which it is claimed is wholly lacking in the contract of May 2, 1927.

While other creditors were interested in obtaining the contract of May 2, 1927, they were, for that purpose, represented by an officer of the appellant corporation, which officer, at the same time, was looking after appellant's claim against the Kennewick Hardware Company, and, without question, the appellant, with whom the contract was left after being executed, was bound by its promises therein contained, direct and implied, equally with the Kennewick Hardware Company by its promises.

As to the subject of consideration for the agreement to postpone the payment of the note, the May contract contains several, in our opinion, some of them as follows: The amount to be paid the appellant, by the terms of the contract, was $6,390.18, which the testimony shows consisted of balance due on the note, bearing interest at the rate of eight per cent per annum, and about $1,300 due on an open account that was bearing interest at only the legal rate of six per cent per annum, all of which, by the contract, should from a prior date, April 1, 1927, bear interest at eight per cent per annum. Also, there was the valuable consideration consisting of the promise to the creditors, including the appellant, that, in the event future payments were not made as provided by the contract, upon the demand of fifty per cent of the creditors the Kenne-

wick Hardware Company would transfer, by bill of sale or assignment, all of its assets, just as was done on September 24, 1927, upon failure of the Kennewick Hardware Company to make payments promised. These were valuable considerations for appellant's promise to postpone payment of the note.

■ Also, the indulgence or postponement given by the appellant was sufficiently definite as to time. The contract says:

"(3) Payment of at least 5% on the total of all claims listed as of April 1, 1927 shall be made on or before the 30th of each month beginning May 30, 1927—it being agreed and understood that all present claims of $25 or less and all labor claims shall be paid in full as soon as possible."

Under that provision in the contract, the Kennewick Hardware Company, of course, could have paid the whole debt at any time, but this element of definiteness of time, with reference to the binding effect of a contract such as this, is determined, not by reference to the choice or option given to the debtor, but by reference to the suspension of the creditor's right of action or demand. Here the creditor's right was definite, that is, five per cent per month, similar to a note payable on or before a given date which may be paid at once but gives no right of action prior to the given date, and yet sufficiently definite as to the element of time to constitute a valid obligation.

■ Some further contention is made by the appellant with reference to the scope and validity of the contract of May 2, 1927, and of the conveyance or assignment in September of that year, both of which were made by the Kennewick Hardware Company. No one else is raising any question about those contracts, and the appellant, having accepted partial payment under the first one, and disposed of the assets under

162

the other and applied its part of the proceeds in the reduction of its claim, is in no position to complain.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.